F. N. CHISHOLM, plaintiff in error, *vs*. THE ATLANTA GAS
LIGHT COMPANY, defendant in error.

1. A company which produces and furnishes gas is bound to use such skill
and diligence in its operations as is proportionate to the delicacy, difficulty
and nature of that particular business.
2. Upon the trial of an action for damages resulting from an explosion of
gas, the question as to whether such diligence was used should be left to
the jury ; and where the facts in evidence would justify the inference of
negligence, to order a non-suit was error.

Non-suit.  Practice in the Superior Court.  Negligence. Before Judge HOPKINS.  Fulton Superior Court.  October Term, 1875.

Reported in the decision.

T. P. WESTMORELAND, for plaintiff in error.

COLLIER & COLLIER; A. W. HAMMOND & SON, for defendant.

WARNER, Chief Justice.

The plaintiff, Chisolm, sued the Atlanta Gas Light Company, in the justice's court, for the sum of $100 00, for damages done to his store-house in the city of Atlanta, by the explosion of gas.  The justice gave judgment for the defendant.  The plaintiff entered an appeal to the superior court.  On the trial of the appeal, the court, after hearing the plaintiff's evidence, on motion of the defendant, non-suited the plaintiff, whereupon he excepted.

1. There was no dispute that the plaintiff's store-house was injured the amount claimed by the explosion of gas therein, but the question is, whether there was sufficient evidence to make out a *prima facie* case of negligence on the part of the defendant to entitle the plaintiff to go to the jury under the law.  It appears from the evidence that the store-house had been vacant two or three weeks before the explosion, which took place on the 5th of January, 1874.  On the evening the explosion took place, the plaintiff had rented the store-house to some colored people for the purpose of having a supper there; the colored people did not use gas that night, but used candles.  Rhodes, defendant's superintendent, a witness for the plaintiff, stated that plaintiff had gas fixtures in his store-house; that on the 28th of December, 1873, the defendant was notified that the house was vacant and that gas was no longer needed, and defendant was ordered to cut it off, which was done on that day by means of a meter-cock in

plaintiff's cellar. The witness stated that there were two ways to cut off the gas from plaintiff's house, the one by a meter-cock which was the property of the plaintiff, but was used by the defendant also; the other, by a service-cock which was under the cub-stone, and which was the property of defendant and under its exclusive control; that if the gas had been cut off at the service-cock on the 28th of December, 1873, instead of at the meter-cock, the explosion in plaintiff's house could not have occurred; that in cutting off gas the defendant sometimes used the meter-cock, and sometimes the service-cock; that it was safer to cut off the gas by the service-cock under the curb-stone, than by the meter-cock in the cellar, for the reason that the service-cock, was under the exclusive control of defendant. The witness examined the meter-cock in plaintiff's cellar, soon after the explosion, and it had evidently been tampered with by somebody; found a nail in the hole of the meter-cock, which witness supposed had been used to turn it, though the gas was turned off when he examined it; knows that the gas must have got into the building in that way, that is, by some unauthorized person's turning the meter-cock in the cellar. The injury to the plaintiff's house by the explosion of gas therein resulted from the escape of gas from the meter-cock in the plaintiff's cellar, or from the gas fixtures in the house connected therewith.

It is insisted by the defendant in error that the explosion was caused by the careless negligence of the plaintiff or his tenants. The reply is that if the defendant had shut off the gas at the service-cock, instead of at the meter-cock in the plaintiff's cellar, on the 28th of December, 1873, when it was notified that the plaintiff had no further use for its gas on his premises, the explosion would not have occurred in that house on the 5th of January, 1874, for the simple reason that there would not have been any of the defendant's gas on the plaintiff's premises to explode either by the negligence of the plaintiff or his tenants. The plaintiff had no reason to suppose that any of the defendant's gas was on his premises, after it was notified to cut it off on the 28th of December, 1873,

and therefore was not bound to take any precautionary action in relation to the escape of it, either by himself or tenants. The principle applicable to the defendant is this, that in the conduct of its business as a gas producer and furnisher thereof to its customers, it is bound to use such ordinary skill and diligence as is proportioned to the delicacy, difficulty and nature of that particular business. The evidence in the record before us is, that the gas was cut off at the meter-cock in the plaintiff's cellar, instead of at the service-cock under the curb-stone; that it was safer to cut off the gas at the service-cock than at the meter-cock; that if the gas had been cut off at the service-cock on the 28th of December, 1873, the explosion on the 5th of January, 1874, in the plaintiff's house, could not have occurred.

In our judgment there was sufficient evidence to have been submitted to the jury for them to say whether the explosion of the gas in the house was caused by the defendant's negligence or not, and that the granting of the non-suit was error.

2. In *Biggers vs. Pace,* 5 *Georgia Reports,* 171, it was held that a motion for non-suit should be overruled, where the jury might have inferred facts from the evidence which would support the plaintiff's action. The question of negligence or no negligence on the part of the defendant, was a question for the jury, and that question should have been submitted to them under the evidence contained in the record.

Let the judgment of the court below be reversed.