MARK LANIGAN, Respondent, v. THE NEW YORK GAS-LIGHT COMPANY, Appellant.

It *seems*, that where a gas company, upon discontinuing its supply of gas to a customer, and removing the meter, fails to close the service pipe so as effectually to exclude the gas from the building, it is guilty of an omission of duty, and is liable for any damages caused solely by such neglect.

In an action to recover damages alleged to have been occasioned by such neglect, it appeared that plaintiff had been for a long time aware that the gas had escaped, and was escaping into his cellar ; he sent servants into the cellar, with a light, and an explosion occurred, doing the injury complained of ; the cellar was seldom used, and had not been opened for five days before the accident. *Held*, that the evidence was sufficient to sustain a finding of contributory negligence on the part of plaintiff ; that he would be presumed to know the inflammable and explosive qualities of the illuminating gas in ordinary use, that the escaping gas would necessarily accumulate in a cellar so seldom opened, and the danger of bringing a light in contact with it ; and that, for a disregard of this peril, and a neglect to see that the escape of gas was properly prevented, he was responsible.

Also, *held*, that the fact that, on numerous prior occasions, the cellar had been entered with a light without causing an explosion, did not establish that it was prudent so to do ; that, whether knowledge of the harmlessness of the prior acts, in going into the cellar with a light, would make that prudent which, but for such knowledge, would have been impru-

* *Comstock* v. *Drohan* (*ante* p. 9).

dent, was for the consideration of the referee, in connection with the other circumstances, and did not, necessarily and uncontrovertibly, establish that plaintiff was not negligent at the time of the accident, so as to make a finding of contributory negligence error as matter of law.

(Argued September 24, 1877; decided October 2, 1877.)

APPEAL from the order of the General Term of the Court of Common Pleas, in and for the city and county of New York, reversing a judgment in favor of defendant, entered upon the report of a referee and granting a new trial.

This action was brought to recover damages alleged to have been caused by defendant's negligence.

The referee found the following facts, in substance, among other things:.

During a portion of the year 1870 the defendant supplied gas to the plaintiff at his request, for the purpose of lighting premises then occupied by the plaintiff, and such supply was furnished by means of a service pipe entering into the cellar of the plaintiff, connected with a main pipe of the defendant laid under the street. Prior to the 9th day of August, 1870, the plaintiff discontinued the use of gas on the premises, and at the time of such discontinuance defendant removed the meter and undertook to close and fasten up the aperture in the service pipe, so that gas should not escape through the same. After the meter was removed there was an escape of gas from the service pipe into the cellar, the odor of which at times penetrated through the ceiling of the cellar into the store or bar-room of the plaintiff, which was on the next floor. This escape of gas was occasioned by the negligent manner in which the service pipe was attempted to be closed. The defendant was notified by the plaintiff of such escape of gas, and sent some workmen to the premises in pursuance of such notice. This escape of gas continued afterwards, and the odor thereof was noticed by the plaintiff and his servants. About ten days before the 9th day of August, 1870, the plaintiff again noti-

fied the company that the gas was still escaping, and an agent of the company promised it should be attended to. Nothing, however, was done by the company, and the odor of escaping gas still continued. On the 9th day of August, 1870, after the cellar had been closed about five days, during which time the gas was still escaping and the odor thereof continued, two of the servants of the plaintiff were directed by him to go into the cellar for the purpose of tapping a barrel of ale stored therein. These persons, in compliance with such directions, proceeded to the cellar, taking with them a candle which they lighted in the cellar with a match. Immediately after such lighting an explosion took place by which the said two servants were so injured that they subsequently died, and the property of the plaintiff in the store was damaged to a large amount.

The referee held that the conduct of said servants in introducing a light into a cellar wherein the gas was escaping, and which had been closed for five days previously, was not such as would have been that of a prudent person, under the same circumstances, exercising ordinary care and caution.

The referee found the following conclusions of law: That although there was negligence on the part of the defendant in not preventing the escape of gas into the plaintiff's cellar from the main pipe of the defendant under the street, and such escape of gas was caused by its negligence, yet that the defendant was not liable for the consequences of the explosion as the negligence of plaintiff contributed to the injury, and therefore he directed a dismissal of the complaint.

Judgment was entered accordingly.

*Francis Lynde Stetson,* for appellant. The referee was justified in finding, from the facts proved, that plaintiff was guilty of contributory negligence, without which the explosion would not have occurred. (*Button* v. *H. R. R. R. Co.,* 18 N. Y., 248, 251; *Welling* v. *Judge,* 40 Barb., 193, 207; *Warner* v. *N. Y. C. R. R. Co.,* 44 N. Y., 471;

*Wilds* v. *H. R. R. R. Co.*, 24 id., 430, 432; *Belton* v. *Baxter*, 54 id., 247; *Baxter* v. *T. & B. R. R. Co.*, 41 id., 502, 506; *Beisegel's Case*, 14 Abb. Pr. [N. S.], 29, 30; *McGrath's Case*, 59 N. Y., 468.) Defendant was not guilty of negligence for which it would be chargeable under the pleadings. (*Lannen* v. *Albany Gas-Light Co.*, 46 Barb., 267; 44 N. Y., 463.)

*W. H. Townley*, for respondent. Defendant was bound to prevent the escape of the gas. (*Lannen* v. *Albany Gas-Light Co.*, 44 N. Y., 459; *Brown* v. *N. Y. Gas-Light Co.*, Anthon's N. P., 351; *Hunt* v. *Lowell Gas-Light Co.*, 3 Al. (Mass.), 418; S. & R. on Neg., § 30; id., p. 403.) Plaintiff's use of the premises was lawful, and with due and ordinary care. (*Fero* v. *B. & S. L. R. R. Co.*, 22 N. Y., 215; *Ernst* v. *H. R. R. R. Co.*, 35 id., 28; *Gordon* v. *Grand St. R. R. Co.*, 40 Barb., 550; *Jettee* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 154; *Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y., 383; *Ferris* v. *Un. F. Co.*, 36 id., 312; *Johnson* v. *Belden*, 47 id., 130; *Radley* v. *L. & N. W. R. Co.*, E. App. Cas., H. of L., 4 N. Y. W'kly Dig., 119.)

ALLEN, J. This case comes before us upon an appeal by the defendant from an order of the New York Common Pleas reversing the judgment of a referee and granting a new trial for errors of law only. The order granting the new trial not stating that the judgment was reversed upon the facts as well as the law, we have no jurisdiction to review the report of facts by the referee, if there was any evidence to support them. His findings are, in such case, conclusive upon an appeal to this court. (Code, § 268.)

The referee reported adversely to the plaintiff, upon the sole ground that by his own careless and negligent acts he contributed to the injury of which he now complains, and this report was made upon the evidence on the part of the plaintiff, and without any evidence on the part of the defense. There was no conflict of evidence, except a slight discrepancy

between the testimony of the plaintiff and his clerk, Phillips, as to the time within which the cellar had been last entered with a light, before the explosion causing the damages, the latter stating that but two or three days had elapsed, and that they had occasion to visit the cellar to draw liquid gas from a barrel they kept there for use, two or three times a week, while the former thought that the cellar had not been opened for five days, and that he had never had but one barrel of gas or illuminating oil — he purchasing it at other times in smaller quantities. The referee gave credit to the plaintiff rather than to Phillips, and found that the cellar had not been opened for five days; and this he was at liberty to do, although whether the time was three or five days, is not very material in passing upon the question whether there was any evidence upon which negligence could be attributed to plaintiff.

Upon the evidence unexplained and uncontradicted there can be no doubt that the defendant was guilty of an omission of duty in neglecting effectually to cap and close the service pipe upon the plaintiff's premises, so as effectually to exclude the gas from his cellar and store, and that it would be liable for any damages caused solely by such neglect. (*Lannen* v. *Albany Gas-Light Co.*, 44 N. Y., 459; *Holden* v. *Liverpool Gas Co.*, 3 C. B., 1.) But if the negligence and want of care of the party sustaining damage has contributed to the injury, no action will lie against the defendant.

The proximate cause of the explosion was the introduction of a light into the cellar by the servants of the plaintiff acting under his immediate directions.

The properties of the illuminating gas in ordinary use, its inflammable and explosive character, are well understood, and every person of mature years and ordinary intelligence, cannot be presumed to be ignorant of them. The plaintiff had been, for a long time, aware that the gas had escaped, and was escaping into his cellar, and finding its way into other parts of the building, and must be presumed to have known that it would necessarily accumulate in larger quantities, and

in a more condensed form in the cellar, but seldom opened, and but for short periods of time.   He must be held to have known the danger of bringing a burning lamp, or a lighted match, in contact with this free gas, and to be responsible for a disregard of the peril.   If he heedlessly or recklessly exposed himself or his property to the danger, he must abide by the consequences.   The maxim, *volenti non fit injuria* applies, in all its force, to one who heedlessly and voluntarily exposes his person or property to apparent danger or peril.

The question was whether, under all the circumstances, the action of the plaintiff was that of a man of ordinary prudence and discretion; and if they were not, and the injury resulted from such action, he had no claim upon the defendant.   We cannot say that there was no evidence, and nothing in the circumstances, as proved by the plaintiff, to authorize the deduction of the referee, that the plaintiff was guilty of negligence.   It is not necessary to an affirmance of his judgment, that we should have come to the same conclusion upon the same evidence.   It is enough that the judgment is not without the evidence to sustain it.   In *Holden* v. *Liverpool Gas Co.* (*supra*), the plaintiff was nonsuited at *Nisi Prius*, and the nonsuit sustained in *Banc*, under these circumstances.   The plaintiff was the owner of a house occupied by tenants, who had been supplied with gas by the defendant.   Upon the removal of the last tenant, the company had been notified to cut off the gas and close the service pipe, and had removed a lamp for the tenant, and capped the pipe supplying the lamp, and shut off the gas by a stop-cock inside the house.   The premises were left unoccupied.   A few days after the tenant left the premises, there was an explosion of gas occasioning considerable damage. Evidence was given tending to prove that the supply of gas should have been intercepted by a stop-cock outside the premises.   It appeared that the gas had been turned on, and the supply pipes torn and cut from the metre, and carried away; but how this had occurred was not shown.   It was

held that the injury to the plaintiff was not solely imputable
to the want of due care on the part of the defendant; but
that the plaintiff had, by his own voluntary act, contributed
to it; that he was himself wanting in the ordinary care of
seeing that the stop-cock in the inside was closed.    The
plaintiff here knew that the escape was from the supply pipe
on his own premises, and although it was the duty of the
defendant to prevent the escape, the plaintiff might have
done it; and knowing the escape of gas, and that he had
occasion to visit the cellar with lights, it was a voluntary
and negligent exposure of his property to danger, not to see
that the escape of gas was properly prevented.    That he
had frequently before exposed himself and property to the
same risk and escaped with impunity, does not exempt him
from the consequences of his carelessness when damage has
ensued.    He cannot set up his own prior acts to justify his
negligence on this occasion.    The former experiments of the
plaintiff did not tend to prove that it was prudent to take a
lighted match or candle into the cellar, when charged with
this gas, as the result conclusively shows that it was not safe.
Whether his knowledge of the harmlessness of the former
acts in going into the cellar with lights should legitimately
influence his subsequent action, and make that prudent
which, but for such knowledge, would have been impru-
dent, was for the consideration of the referee, in connection
with the other evidence and all the circumstances of the
case.    It was but one of many circumstances entering into
the question of negligence on the part of the plaintiff, and
as it does not necessarily and incontrovertibly establish the
absolute prudence and propriety of his acts, and that he was
not careless or imprudent, the case, as depending on a ques-
tion of fact, which we cannot review, is not changed.    It
cannot be said, as a matter of fact, that the plaintiff was not
reckless in causing a flame to be brought in contact with the
gas, directly causing the explosion and consequent injury;
or that there was no evidence for the referee tending to
prove negligence on his part.    A verdict of a jury upon the

same evidence for the defendant, could not be set aside as against evidence. A direction of a verdict for the plaintiff would have been set aside as erroneous.

The order granting a new trial should be reversed, and the judgment on the report of the referee affirmed.

All concur.

Order reversed, and judgment accordingly.