PINE BLUFF WATER & LIGHT CO. v. SCHNEIDER.

Opinion delivered February 22, 1896.

GAS COMPANY—DEGREE OF CARE REQUIRED.—A gas company is bound to use reasonable care in the inspection of its pipes, and in repairing leaks therein, after notice, whether such defects were caused by its own negligence or not.

NEGLIGENCE—QUESTION FOR JURY.—Whether a gas company has used due care in discovering and repairing a break in its pipe is a question for the jury.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—A shopkeeper cannot recover from a gas company for injuries caused by explosion of gas in the shop, although the company was negligent, if the negligence of his servant, left in charge of the shop, contributed to the explosion.

NEGLIGENCE.—It is not negligence *per se* to search for a gas leak with a lighted match.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

STATEMENT BY THE COURT.

The facts proved in this case were in substance as follows: Fred Schneider, a merchant tailor in the city of Pine Bluff, owned a stock of goods pertaining to that business. The Pine Bluff Water & Light Company was engaged in the business of manufacturing and supplying illuminating gas to the city of Pine Bluff and its inhabitants. One of the branch pipes of said company extended from a main pipe in the street under the store house in which the appellee did business, for the purpose of supplying the building with gas. The pipe under the store of appellee was broken by certain parties plowing up the street for the purpose of improving the same. The gas escaped under the building, and also entered the storeroom above. In this room, Allie Strauss and John Hammert, employees of Schneider, were at work, assist-

ing him in his business as tailor. Hammert was employed as a maker of trousers, and was paid by the garment. Strauss was paid by the week; and they both worked for Schneider in this storeroom. When they detected the presence of gas in the room, Hammert lighted a match, and began to look for the leak. The lighted match, coming in contact with the free gas, produced an explosion, which injured the goods of Schneider. This action was brought by Schneider against Hammert and the Water & Light Company. He alleged that the Water & Light Company negligently allowed the gas to escape, and that Hammert carelessly ignited the gas with a match. The Water & Light Company denied that it was guilty of negligence, and alleged that the injury was occasioned by the negligence of Hammert, a servant and employee of plaintiff. The testimony bearing upon the question of contributory negligence was, in substance, as follows: The plaintiff, Schneider, testified that Strauss and Hammert were both employed by him, and worked in his store. At the time the explosion occurred, plaintiff had gone to dinner. He left Allie Strauss in charge of the store during his absence. Hammert, he said, was not in charge, and had no control over the store, further than to work therein.

Allie Strauss, who had charge of the store at the time of the explosion, testified for plaintiff that the gas had accumulated under the store, and, while plaintiff was absent at dinner, it began to enter the store; that Hammert then said he would take a match and find the leak. He was then interrogated as follows: "Q. Did he ask your permission? A. No, sir. Q. Did he say anything about it? A. Yes, sir; he said he would investigate, and see what the trouble was, and he took a match and found the place." Cross-Examined. "Q. How far was he from the leak when he struck the match? A. I should say about four or five feet.    *    *    *

Q. You knew he was looking for the leak? A. Oh, yes, sir. Q. Why didn't you tell him not to do that? A. Because he had done that several times before. Q. You both did that several times before? A. Yes, sir, and found the leak. Q. You were in the habit of doing that? A. Yes, sir. Q. You never undertook to prevent it? A. No, sir. Q. You thought it all right? A. Yes, sir. Q. You thought it a very good idea? A. Yes, sir, but I never said anything about it. Q. You were willing for him to do it? A. Yes, sir. Q. You knew there was an escape of gas in the store? A. Yes, sir, and he was trying to find it."

The first instruction given by the court was as follows: "The court instructs the jury that the defendant company was bound to keep such reasonable inspection of its pipes as would enable it to detect when there was an escape of gas as would lead to danger of explosion."

There was a verdict and judgment against both Hammert and the Water & Light Company, from which judgment the Water & Light Company has appealed.

*F. G. Bridges*, for appellant.

1. Plaintiff's instruction No. 1 is erroneous. It exacts from gas companies far greater care than the law requires. They are only liable for want of ordinary care and skill, taking into consideration the character of their business. 1 Thompson on Neg. p. 108, sec. 11; 3 C. B. 1; 20 N. Y. S. 168; 33 N. E. 523; 158 Mass. 260; 122 Mass. 219; 8 Gray (Mass.) 123. Where the pipes are properly laid, and broken by third persons, the company is not guilty of negligence until it has notice and a reasonable time to repair. 1 Allen (Mass.), 343; 117 Mass. 539; 26 Gas J. 946; 8 Gray, 123; 2 Fost & Fin. 437; 3 Allen, 410; 20 N. Y. 168; 65 Hun, 378.

2. Instructions 4 and 5 are erroneous, because (1.) they hold defendant liable for any leaks in a whole block, irrespective of the fact whether any of such leaks caused the explosion. Instructions must be restricted to the issues made by the pleadings, and to the evidence under said issues. Sackett, Inst. to Juries, sec. 19; 52 Ark. 125; 72 Ill. 141; 68 Ill. 545. And (2) they assume facts not authorized by the evidence, such as notice, etc. 24 Ark. 251; 45 *id*. 256; 42 *id*. 3; 23 *id*. 289.

3. The negligence of Hammert, the employee of appellee, barred his right to recover. His employee's contributory negligence was his own. 36 Ark. 371; *id*. 41, 451.

4. Hammert's negligence is imputable to appellee. 3 Allen, 543; 117 Mass. 539; 1 Thomps. on Neg. p. 110; 8 Gray, 123; 14 Gas J. 606; 8 Am. & Eng. Enc. Law, p. 1274; 46 Ark. 523; 38 *id*. 557.

5. Instruction 3 for plaintiff is erroneous in holding defendant liable for the conduct of John Hammert. Even if appellant was guilty of negligence, the act of Hammert was an intervening efficient cause which broke the causal connection between the original wrong and the injury, and thus became the proximate cause of the injury, and appellant is not responsible. 71 N. Y. 29; Bishop, Non-Cont. Law, sec. 42; 1 Sh. & Redf. Neg. sec. 32; 99 Ind. 16; 70 Pa. St. 86; 57 N. H. 627; 58 Ark. 157; 74 Ind. 449; 139 U. S. 237; 65 Tex. 274; 105 U. S. 252; 5 Exch. 242; 7 C. P. 253; 2 Dow. H. L. Cas. 390; 103 Mass. 507; 98 *id*. 211; 3 Q. B. D. 536; 3 Allen, 343; 117 Mass. 539; 1 Thomps. Neg. p. 110.

*W. T. Wooldridge, H. King White* and *N. T. White* for appellees.

1. The evidence shows the grossest negligence on the part of the company. The officers knew of the

excavations, and had ample time to prevent the accident. A gas company is bound to exercise such care, skill and diligence in all its operations as is called for by the delicacy and difficulty of the nature of its business.    8 Am. & Eng. Enc. Law, p. 1273; 57 Ga. 28; 8 Gray (Mass.), 123; 3 Allen (Mass.), 410; 4 F. & F. 324; 7 Am. & Eng. Enc. Law, p. 520; 1 Thomps. Neg. p. 108, sec. 11.

2.    Both the company and Hammert were liable. One who has suffered from the joint tort of several persons may bring suit against all of them, or against any one of them.    Bish. Non-Cont. Law, secs. 519, 520, 521–2.    Where the injury proceeds from two causes operating together, the party putting in motion one of them is liable, the same as though he was the sole cause.    He who contributes to a wrong is answerable as a doer.    15 Ark. 452; 23 *id.* 131; 39 *id.* 387; 5 Daly (N. Y.), 144.    Where one sustains an injury from the separate negligence of two persons employed to do separate things, he may sue either or both.    82 Ky. 432; 4 Fos. & Fin. 354; 5 Exch. 67; 2 Thomps. Neg. p. 1070.

3.    Schneider was not responsible for the acts of Hammert.    Hammert was not left in possession of the property, and had no control of same.    He was employed as a mechanic, working for wages, and Schneider cannot be held for his acts, over which he had no control, and which were not connected with or within the scope of his employment.

RIDDICK, J., (after stating the facts.)    It is contended by counsel for appellant that the court erred in its charge to the jury.    The first paragraph of the charge, if considered by itself, would be subject to criticism, for it might be construed to mean that the water and light company was to use such care as under all circumstances to discover gas escaping from its pipes, and that a failure to do so would constitute negligence.

But, upon the question whether the jury has been misled by one or more specific instructions, all the instructions must be read together. A consideration of the entire charge in this case leads to the conclusion that the court did not intend to convey such meaning, and that it is not reasonable to believe that the jury could have been misled by it. A gas company must use due and reasonable care in the inspection of its pipes, and must repair defects in the same, whether caused by its own fault or not. When the defect or break in the pipe is caused, not by the negligence of the gas company, but by the act of a third party, and when the company has used due care in inspecting its pipes to discover defects therein, it is allowed a reasonable time, after notice of such defect, in which to make repairs. But if it has notice of a break in its pipes from which gas may escape and accumulate, and injure persons or property, it must, as soon as practicable by the use of due promptitude and diligence, secure its gas, either by cutting off the flow or repairing the break, so as to guard against such injurious consequences. To accomplish this end, the company must use a degree of care commensurate to the danger which it is its duty to avoid. If it fails to exercise this degree of care, and injury results from such negligence, the company is liable, if the person injured is free from fault contributing to the injury. *Chisholm* v. *Atlantic Gas Light Co.* 57 Ga. 28; *Mississinewa Mining Co.* v. *Patton*, 129 Ind. 472, S. C. 28 Am. St. Rep. 203; *Emerson* v. *Lowell Gas Light Co.* 3 Allen (Mass.), 410; *Hunt* v. *Lowell Gas Light Co.* 8 Allen, 169, S. C. 85 Am. Dec. 697; *Holly* v. *Boston Gas Light Co.* 8 Gray (Mass.), 123, S. C. 69 Am. Dec. 233; 8 Am. & Eng. Enc. Law, 1273; Whittaker's Smith, Neg. 234; *Bartlett* v. *Boston Gas Light Co.* 122 Mass. 210; 2 Shear. & Red. Neg. (4th. Ed.) sec. 692.

The evidence tends to show that, previous to the explosion, the appellant company had notice that its pipes had been broken or injured by plowing in the street, and that gas was escaping.   If it did not know this, the jury were at least justified in finding that it might have known it by due care in inspecting its line, which would amount to the same thing.   If it had notice of the defect in the pipe, it should have taken precautions, by cutting off the gas or repairing the break in the pipe, to avoid injuries being caused by the escaping gas. Whether it was guilty of carelessness in this respect was a question for the jury, whose finding on this point has evidence to support it, and must stand.   *Chisholm* v. *Atlanta Gas Light Co.* 57 Ga. 28; *Butcher* v. *Providence Gas Co.* 12 R. I. 149; *Atkinson* v. *Goodrich Trans. Co.*, 60 Wis. 141.

The next question presented is whether the plaintiff was himself guilty of negligence contributing to the injury complained of.   It is settled law that the master is responsible for injury occasioned by the act of his servant or employee while acting within the scope of his employment.     1 Shear. & Red. Neg. (4th. Ed.) 141; Whittaker's Smith, Neg. p. 153.

The appellant contends that the appellee must in this case be held responsible for the act of Hammert in putting a lighted match to the gas, and causing the explosion.   Hammert was the employee of Schneider.   It was his duty to work in the storeroom into which the gas, which had accumulated under the store, began to force its way.   The entrance of this gas would necessarily interfere with the work that he was engaged in on behalf of Schneider.   It would not be unreasonable to hold that, in order to prevent such interruption of his work, he had the implied authority to discover and stop the escape of gas into the room in which he was at work. It is not necessary to show that he had authority to look

for the defect in the pipe with a lighted match. If the act of attempting to discover the defect in the pipe, in order that the escape of gas might be stopped, was one within the scope of his authority, and that act was done in a way so negligent that it caused or contributed to the injury complained of, it is then of no avail to show that the master did not consent to or approve of the negligence. *Ochsenbien* v. *Shapley*, 85 N. Y. 214; Whittaker's Smith, Neg. 157; *Philadelphia, etc., R. Co.* v. *Derby*, 14 How. (U. S.) 468.

A servant may do an act expressly forbidden by his employer, and yet, if it be within the scope of his authority, the employer may be liable for a resulting injury. This rule is constantly enforced in the cases against railroads, electric light and gas companies, and it applies to private persons who employ servants to transact their business. *Garrentzen* v. *Duenckle*, 50 Mo. 104; *Ochsenbein* v. *Shapley*, 85 N. Y. 214; *Evans* v. *Davidson*, 53 Md. 245; S. C. 36 Am. Rep. 400; *Simonton* v. *Loring*, 68 Maine, 164; Whittaker's Smith, Neg. 157; 14 Am. & Eng. Enc. Law, 810; 1 Shear. & Red. Neg. sec. 155.

But we are not called on to determine whether, if this was the act of Hammert alone, it would come within the scope of his authority, or whether Schneider would be bound by it; for the evidence conclusively shows that Strauss, in whose charge the store was left by Schneider, assented to and approved of the act of Hammert which led to the explosion. Strauss, so far as the control and protection of the store was concerned, stood in the place of Schneider, and his acts in this regard must be considered the acts of Schneider. He was called as a witness by Schneider, and he testified that, when the gas began to enter the room, Hammert complained of the smell, and said that he would light a match and look for the leak; that he (Strauss) knew that there was gas escaping in the room, and that Hammert was trying to find

it; that he made no objection, but thought that it was a good thing, and was willing for him to do so. From this testimony there can be no doubt that Strauss consented to and approved of the conduct of Hammert, and that, if Hammert was guilty of negligence, Strauss was also.

It can be no excuse to show that Strauss was only seventeen years of age, for this fact was known to Schneider when he left him in control of the store. If he left an immature youth in charge, he, and not the gas company, is to blame.

We should not hold. under the facts of this case, so far as they appear, that it was negligence *per se* for Hammert to use a match in trying to discover the place from which the gas escaped, for that would depend upon whether he had notice that the gas was escaping in large quantities or not. If he had notice that it was present in large quantities, it was gross carelessness for him to apply a lighted match to it. But if the quantity was small, or if there was nothing to cause a man of ordinary prudence, placed in the same situation, to believe that there was danger of an explosion, it would not be negligent to light the match. Such a question is one for the jury to determine. *Chisholm* v. *Atlanta Gas Light Co.* 57 Ga. 28; *Butcher* v. *Providence Gas Co.* 12 R. I. 149; *Lanigan* v. *N. Y. Gas Light Co.* 71 N. Y. 29.*

But the appellee alleged, and the jury found, that Hammert was guilty of negligence. There was evidence to support that allegation and finding; but, had there been no proof, the appellee would be bound by his own allegation, and we must treat that fact as established. The case, then, stands that Strauss, who had charge of the store for Schneider, was present, and permitted Hammert, another employee of Schneider, to negligently use a lighted match in endeavoring to locate

*See *Consolidated Gas Co.* v. *Crocker*, 82 Md. 113, 31 L. R. A. 785.
—(Rep.)

the place from which gas escaped. This negligent act of Hammert produced an explosion, which otherwise might not have occurred, and directly contributed to the injury of which Schneider complains in this action. Our conclusion is that, under these facts, the judgment against the appellant cannot be sustained.

It is therefore reversed, and remanded for further proceedings.

NOTE.—As to liability for negligence in the escape and explosion of gas, see note to *Ohio Gas Fuel Co.* v. *Andrews* (Ohio) 29 L. R. A. 337—[Rep.