(17 Misc. Rep. 625)

ANDERSON v. STANDARD GASLIGHT CO. OF NEW YORK (four cases).

(Supreme Court, Appellate Term, First Department. July 28, 1896.)

WITNESS—INTEREST IN RESULT—EMPLOYE OF PARTY.
   An employé of a party to an action is interested in the result.

Appeal from Ninth district court.

Separate actions by John Anderson, James J. Anderson, Katie Anderson, and Mamie Anderson, respectively, against the Standard Gaslight Company, for loss of personal property by fire, resulting from the ignition of gas escaping from a meter negligently maintained by defendant in a defective condition.    Judgment was rendered in favor of plaintiff in each case, and defendant appeals.    Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Henry Thompson and Aug. H. Vanderpoel, for appellant.

Sumner B. Stiles, for respondents.

BISCHOFF, J.    The plaintiffs in the four above-entitled actions were members of the same household, and for such purposes occupied an apartment at No. 1781 Lexington avenue, in the city of New York, which was lighted with gas supplied by the defendant company.    A meter of the kind commonly used to register the supply of gas had been installed by the defendant company, and placed upon the top of a stationary wardrobe situated in the bedroom next adjoining the parlor; and a jet upon a sliding bracket projected about 12 inches from the front of the wardrobe at a point about 18 inches immediately below the meter.    On November 16, 1895, Mary Anderson, the wife of the plaintiff John Anderson, lighted the jet, whereupon the gas which was escaping from a leak in

the side of the meter ignited, and while she and her husband, assisted by a number of other persons, were endeavoring to extinguish the blaze at the meter, the contents of the wardrobe, consisting mainly of the wearing apparel of the several plaintiffs, took fire, and was destroyed. About a month previously, Mary Anderson, persuaded by the amount of the bill rendered by the defendant company, and the odor of gas in the apartment, informed the company's representative of a supposed leak or defect in the meter or connections. The company sent one of its employés to examine, who advised Mrs. Anderson that there were no leaks or defects, and so reported to the company. About two weeks before the fire the complaint was repeated with the same result. Claiming the fire to have been wholly due to the neglect of the defendant company in failing to maintain its meter in good order and condition, the owners of the destroyed contents of the wardrobe severally sued to recover damages for their respective losses, and from the judgments in their favor these appeals were taken by the defendant. No error is claimed excepting with regard to the trial justice's refusal to dismiss the complaint upon the ground that the defendant company's negligence and the plaintiffs' freedom from contributory negligence were not apparent. All the actions were, by the consent of the parties, determined upon the evidence which was adduced in the one wherein John Anderson was plaintiff, excepting as to the quantum of the damages. Hence, with regard to the questions involved, these appeals may be properly discussed as one.

The evidence was abundant to the effect of the facts hereinbefore stated. The efforts of counsel for the defendant were in part directed to persuade us, from the fact that the top of the wardrobe, consisting of wood of about an inch in thickness, was not burned through, to the view that the fire originated in the wardrobe, and, enveloping the meter, caused the latter to be in the defective condition in which John Anderson and Andrew Donaldson said they saw it at the time of the fire, ablaze at its side, and in which it appeared when produced by the defendant at the trial, with an open seam at its side, the solder having been molten and become detached from the parts. The two last-named witnesses, however, were explicit in their several statements that to extinguish the blaze at the meter blankets were used wherewith to smother it, and that, the door of the wardrobe being open, and the contents of the wardrobe of a combustible nature, the efforts to extinguish the blaze caused the latter to extend to such contents, which, as a result, caught fire. Such being the evidence, we must, for the purposes of the appeal, assume that the court below found the facts accordingly.

That it was the duty of the defendant company to maintain its meter in a condition free from the menace of danger to the persons or property of others, by the exercise of a reasonable degree of care, which should be commensurate with the dangerous and explosive nature of its commodity, to ascertain all needful repairs, and to cause such repairs to be made, is incontestable in principle and upon authority (Schmeer v. Gaslight Co., 147 N. Y. 529, 42

N. E. 202; Brown v. Gaslight Co., Anth. N. P. 351; Koelsch v. Philadelphia Co. [Pa. Sup.] 25 Atl. 522; 8 Am. & Eng. Enc. Law, 1273; and cases collated in note, Fuel Co. v. Andrews [Ohio] 29 Lawy. Rep. Ann. 337, 35 N. E. 1059); and that the defendant company was negligent in the performance of such duty was manifest from the facts that it had notice of an escape of gas nearly four weeks before the fire, and that it failed to discover the leak and repair it, though from its admissions upon the trial the leak in the meter was ascertainable upon the application of ordinary tests. True, the defendant did send its employés to examine the meter, and they testified that they had made the usual tests in such cases, and found no defects. Subsequent occurrences, however, demonstrated the existence of a leak, and, therefore, that the defendant company's employés negligently performed their duties; and under the rule respondeat superior the negligence of its employés was imputable to the company. Such employés' testimony that they had properly performed the task of examining the meter was not conclusive. Upon them directly rested the blame of an omission to repair the leak. They were thus witnesses interested in the issue of the trial. Volkmar v. Railway Co., 134 N. Y. 418, 31 N. E. 870. The existence of the leak in the meter for a time sufficient to have enabled the defendant company, in the exercise of reasonable care, to discover and repair it, was fairly inferable from the facts of the odor of gas in the apartment for nearly a month before the fire, of which the defendant company had notice, and that the escape of gas was not otherwise accounted for. The absence of contributory negligence upon the part of either plaintiff was apparent from the fact that the fire which destroyed the contents of the wardrobe was wholly the result of the successive acts of others, the defendant company's neglect to discover and repair the leak in its meter, Mary Anderson's lighting of the jet near the leak, and Donaldson's efforts to extinguish the blaze. Nor was contributory negligence predicable of the fact that the plaintiffs, respectively, did not take measures to prevent the use of the gas in the manner intended, in view of a probable defect in the means of supply, inferable from the prevalent odor, since they had been assured by the defendant company's representatives that there was no leak, and, therefore, that the use of the gas was free from the risk of injury to person or property. The ignition of the escaping gas, the spread of fire, and the destruction of property were the natural and probable consequences of the defendant company's negligence. Such negligence, therefore, was the proximate cause of the plaintiffs' losses, and that an accident, or the want of proper caution on the part of another, may have contributed to the consequences, did not excuse the defendant company's liability. 16 Am. & Eng. Enc. Law, 436.

The judgments, severally, should be affirmed, with costs. All concur.