Rep. 515. But it is also undoubted that successive accommodation indorsers are not to be considered as co-sureties, and are not entitled to contribution among themselves unless they specially agree that they are to be bound jointly and not severally. Easterly v. Barber, 66 N. Y. 433; Kelly v. Burroughs, 102 N. Y. 93, 6 N. E. 109; Pfluger v. Wilshusen (Com. Pl.) 17 N. Y. Supp. 516; McCarty v. Roots, 21 How. 432, 16 L. Ed. 162. Such agreement, however, may be proved by parol, or be evidenced by the circumstances of the case. Easterly v. Barber, supra; Macdonald v. Whitfield, 8 App. Cas. 733; Hagerthy v. Phillips, 83 Me. 336, 22 Atl. 223; Currier v. Fellows, 27 N. H. 366; Clapp v. Rice, 13 Gray, 403. Does the evidence show an agreement by the defendant Hanson's testator to be a co-surety with the other indorsers? The plaintiffs endeavored to prove an oral agreement made between the parties at the times they indorsed the notes, but under section 829 of the Code the counsel for the executrix objected to such proof, and the objection was, of course, sustained. It follows, therefore, that, unless the relation of co-surety between the decedent and the other indorsers may be implied from the circumstances of the case, the action must fail. The facts that the indorsers were directors of the accommodated party, that each note was indorsed at the same time, and before the note was discounted, and the proceeds turned over to the corporation, are scarcely sufficient to constitute the indorsers co-sureties. Directors are not liable for the debts of their corporation unless where they violate statutes or make themselves amenable on common-law principles. The plaintiffs having failed to prove an agreement or a condition of facts which obligated the testator to make contribution, the liabilities inter se of the indorsers must be determined according to the ordinary principles of the law merchant, whereby a prior indorser must indemnify a subsequent one. Macdonald v. Whitfield, supra; Rand. Com. Paper (2d Ed.) §§ 473, 740; Daniel, Neg. Inst. (4th Ed.) § 1340; 4 Lawson, Rights, Rem. & Prac. § 1562. As there is no direct proof or legitimate inference that the testator was a co-surety with the other indorsers, there must be judgment for defendants, with costs.

Judgment for defendants, with costs.

---

(34 Misc. Rep. 594.)

### GERMAN–AMERICAN INS. CO. v. STANDARD GASLIGHT CO.

(Supreme Court, Trial Term, New York County. April, 1901.)

INSURANCE—SUBROGATION OF INSURER.

    A workman was sent by a gas company to place a drop light over the desk of a consumer without charge. After the job was completed, the smell of escaping gas was discovered, and the workman returned to find the leak, and applied a lighted match to the pipe, causing a fire, whereby the property of the consumer was destroyed. *Held* to show negligence rendering the company liable to the consumer, to which right an insurer of consumer, on payment of the loss, was subrogated.

Action by the German-American Insurance Company against the Standard Gaslight Company, plaintiff claiming a right to recover

for injuries done to the property of Theodore Seiz, which was insured by plaintiff, and alleged to have been destroyed by negligence of defendant. Judgment for plaintiff.

William D. Murray, for plaintiff.
Goodwin, Thompson & Vanderpoel, for defendant.

McADAM, J. The only question reserved at the trial was whether there was sufficient evidence to establish negligence on the part of defendant, so as to make it liable for the fire which occurred at the premises of the insured, Theodore Seiz, at No. 30 West 125th street, November 25, 1898. Seiz wanted a drop light put on his desk in the store, which contained a stock of pictures and frames. The gas company, which supplied the insured with gas, undertook to do the work, and sent William H. Kavanagh, a workman in its employ, to carry it out. He went to work, made the connections, and left the premises. After the workman departed, there was a strong smell of leaking gas. He came back to the store within a short time, and the insured then told him there was a strong smell of gas, and asked him to look over the work. Kavanagh lighted a match, and applied it to the gas pipe, whereupon a flame issued from the pipe, and caused the fire, which damaged the insured to the extent of $1,000. No neglect is imputable to the insured. The injury was caused solely by the act of the workman. The defendant undertook the work without compensation, and claims, therefore, that its liability was merely that of a gratuitous bailee, and that, to entitle the plaintiff to recover, gross negligence on the part of the defendant must be proved. Whatever technical relation existed between the parties respecting this particular job, the defendant was bound to exercise the care which the nature of the work required. Gas is explosive, and leaks in pipes are apt to cause the ignition of escaping gas, and produce serious fires, and a higher degree of care and vigilance is required in dealing with a dangerous agency than in the ordinary affairs of life or business which involve little or no risk of injury to persons or property. Koelsch v. Philadelphia Co., 152 Pa. 355, 25 Atl. 522, 18 L. R. A. 759; Schmeer v. Gaslight Co., 147 N. Y. 529, 42 N. E. 202, 30 L. R. A. 653; Anderson v. Gaslight Co., 17 Misc. Rep. 625, 40 N. Y. Supp. 671; Gas-Fuel Co. v. Andrews, 50 Ohio St. 695, 35 N. E. 1059, 29 L. R. A. 337. The defendant sent its workman, for whose acts it is responsible, to do the work in question. His attention was called to a smell of gas. He knew that "sand holes" might exist in the pipe, for such things, he testified, were not uncommon. Yet he placed a lighted match over the pipe, thus igniting the escaping gas, and causing the resultant damage. Such conduct on the part of one knowing the consequences was negligence, and renders the defendant liable. See Burrows v. Coke Co., L. R. 5 Exch. 67. In Lannen v. Gaslight Co., 46 Barb. 264, affirmed 44 N. Y. 459, the defendant, being informed that gas was escaping in the cellar of an occupied house, sent its employé to ascertain the location of the leak, and the person so sent lit a match, and caused an explosion, which injured the plaintiff. It was held

that, if the employé was incompetent or ignorant, it was negligence to select him, and that, if competent, the defendant was liable for his careless performance of duty. Although it is apparent in this case that the work which the defendant undertook to do was for the mutual benefit of defendant and its customer, the insured, and that the defendant was, therefore, bound to use ordinary care (Newhall v. Paige, 10 Gray, 366; Quinn v. Power, 87 N. Y. 535, 41 Am. Rep. 392), it is unnecessary in this instance to apply that standard to defendant's conduct, for the act of its employé was grossly negligent. Lannen v. Gaslight Co., supra. "The properties of the illuminating gas in ordinary use, its inflammable and explosive character, are well understood, and every person of mature years and ordinary intelligence cannot be presumed to be ignorant of them." Lanigan v. Gaslight Co., 71 N. Y. 33. The determination by a lighted match of whether a leak exists, or its location, in a gas pipe adjoining inflammable material in a well-stocked picture store, is not only not a safe method, but one fraught with great danger. The plaintiff paid the insured $500 in satisfaction of its liability for one-half the damage caused by the fire. Thereupon the insured assigned to the plaintiff all his rights against the defendant to the extent of such payment, and under a clause in the policy the plaintiff became subrogated to the rights of the insured. There must be judgment for plaintiff.

Judgment for plaintiff.