FEDERAL COMPRESS & WAREHOUSE COMPANY *v.* JONES.

Opinion delivered November 25, 1929.

*Buzbee, Pugh & Harrison* and *C. A. Cunningham,* for appellant.

*W. R. Donham,* for appellee.

HUMPHREYS, J.  The only question presented by this appeal is whether there is any substantial evidence in the record tending to show that appellee received an injury through the negligence of appellant's employee while acting in the scope of his employment.  Appellee recovered a judgment of $1,500 against appellant, upon the theory that appellant's employee was sent to the Board of Commerce Building, in Little Rock, to get sacks of cotton belonging to Randolph Scott & Company, for the purpose of transporting same to its compress in North Little Rock to be baled, and, while in the discharge of such duty, negligently failed to give a signal to the employee of

Randolph Scott & Company, who was dropping the cotton out of a third-story window to the sidewalk on the side of said building, to be loaded on appellant's truck, that appellee was approaching, or to warn appellee of the danger in walking on the sidewalk immediately under the window.

Appellant contends for a reversal of the judgment because the record reflects, according to the alleged undisputed evidence, that its employee got the cotton in a different manner from the way instructions were given to obtain it, and that, even though its employee was not violating instructions in the way he was obtaining the cotton, he was not giving signals to the employee of Randolph Scott & Company, or warning pedestrians of the danger at the time of the injury, but that, instead, a third party, not in its employ, was performing such duties as a volunteer at the time appellee received his injury. The evidence with reference to instructions given to the employee of appellant to receive the cotton is found in the testimony of its general superintendent, E. Wade, to the effect that he instructed the drivers of trucks to accept loose cotton from the cotton offices at their doors opening on the sidewalk, and that he forbade them going into the building for it; that he remarked many times that it was dangerous to throw cotton out of windows onto the sidewalk, and directed the drivers to have nothing to do with it.

According to the undisputed testimony in the record, on February 16, 1928, in response to a telephone call from Randolph Scott & Company, appellant sent its truck by Fred Harris to the Board of Commerce Building in Little Rock for sacks of cotton. Harris stopped the truck on the sidewalk on the side of the building to receive the cotton, which had been put in sacks, and was being dropped from the third-story window onto the sidewalk by Harvey Burke, an employee of Randolph Scott & Company. Burke was unable to see pedestrians passing along the sidewalk, and was dropping the sacks in ac-

478

cordance with signals from Fred Harris. Harris allowed a boy by the name of James McQueen, who wanted to ride across the river with him, to get on the truck and give signals to Burke while he was in the truck loading cotton. As appellee passed along the sidewalk under the window, Burke released a sack of cotton, weighing about forty pounds, which struck and injured him. James McQueen did not warn appellee of the danger before he walked under the window, and the testimony is in dispute as to whether he signaled Burke not to drop the sack of cotton which fell upon and injured appellee.

The main contention of appellant for a reversal of the judgment, that its employee was violating instructions, and thereby exceeding his authority in receiving the cotton in the manner he did at the time appellee was injured, cannot avail to relieve it from liability. It must be remembered that the business in hand was to get the cotton. That is what appellant sent its employee to do, so, in receiving the cotton, the employee did not step aside to attend to business of his own wholly disconnected from his duties to appellant. The undisputed facts do not bring the case within the rule announced in the cases of *Wells Fargo Express Co.* v. *Alexander,* 146 Ark. 104, 225 S. W. 597; *American Railway Express Co.* v. *Mackley,* 148 Ark. 227, 230 S. W. 598; and *Healey* v. *Cockrill,* 133 Ark. 327, 202 S. W. 229, L. R. A. 1918D, 115, relied upon by appellant for a reversal of the judgment. In the telegraph and automobile cases cited, the employees had stepped aside from their employer's business to perform independent acts of their own, disconnected from that of their employer.

The rule governing the instant case was correctly announced in the case of *Little Rock & Fort Smith Ry.* v. *Miles,* 40 Ark. 298. 48 Am. Rep. 10, and reaffirmed in the case of *Pine Bluff Water & Light Co.* v. *Schneider,* 62 Ark. 109, 34 S. W. 547, 33 L. R. A. 366; *Robinson* v. *St. L. I. M. & S. Ry. Co.,* 111 Ark. 208, 163 S. W. 500; and *Campbell Baking Co.* v. *Clark,* 175 Ark. 899, 1 S. W. (2d)

35. This court said in the Miles case: "The rule is firmly established that the master is civilly liable for the tortious acts of his servant, whether of omission or commission, and whether negligent, fraudulent or deceitful, when done in the line of his employment, even though the master did not authorize or know of such acts, or may have disapproved or forbidden them."

In the application of this rule in the Clark case this court, in summing up the rule which had been announced in the Miles case and reaffirmed in the other cases mentioned above, took occasion to say: "As we understand the law applicable to cases of this character, although an agent may exceed his authority to the extent even of violating instructions, if, at the time, he is engaged in the business he was employed to perform by his employer, his employer would be responsible for injuries from his torts."

Neither can appellant's further contention, that its employee allowed a third party, a volunteer, to give signals to the employee of Randolph Scott & Company when to drop cotton from the third-story window and to warn pedestrians passing by against the danger, relieve it from liability in this case. It was negligence on the part of appellant's employee to substitute another to give the signals and warn the public. *Tchula Cooperative Store v. Quattlebaum*, 176 Ark. 780, 4 S. W. (2d) 919.

No error appearing, the judgment is affirmed.