THOMAS MONACELLI, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 26035.)

Argued April 9, 1946; decided May 29, 1946.

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd, Irving Galt* and *Harold S. Coyne* of counsel), for appellant. I. Claimant's removal of natural barriers, compelling surface waters to spread with his quarrying operations beyond the site subject to the State's easement of seepage from its canal, was either the sole proximate cause of injury or contributory negligence as matter of law. This involved, moreover, a wrongful burden upon or interference with the State's easement. Hence it was error to permit recovery. (*Horner* v. *Watson,* 79 Penn. St. 242; *Lambert* v. *Alcorn,* 144 Ill. 313; *Grant* v. *Kuglar,* 81 Ga. 637; *Templeton* v. *Voshloe,* 72 Ind. 134; *Gordon* v. *Ellenville & Kingston R. R. Co.,* 195 N. Y. 137; *Rylands* v. *Fletcher,* L. R. 3 H. L. 330; *Losee* v. *Buchanan,* 51 N. Y. 476.) II. Claimant had the right to quarry stone from the Otto parcel, but not to the extent of causing waters to spread outside of the appropriated area, thus interfering with the enjoyment and location of the State's easement. (*Paine* v. *Chandler,* 134 N. Y. 385; *Herman* v. *Roberts,* 119 N. Y. 37; *Keefe* v. *Annpaul Realty Co., Inc.,* 215 App. Div. 301, 243 N. Y. 647; *Evangelical Lutheran St. J. O. H.* v. *Buffalo Hydraulic Assn.,* 64 N. Y. 561; *Horner* v. *Watson,* 79 Penn. St. 242.)

*Charles G. Signor* for respondent. I. While the State had the right to discharge leakage and seepage into the Otto Squire

quarry over which it had acquired such right, it was responsible to the claimant as owner of the adjoining quarry for such leakage and seepage flowing into it. This would be so irrespective of the State's negligence. However, there is no dispute but that the leakage and seepage through the banks of the canal was due to the State's negligence. (*Nightingale* v. *State of New York,* 265 App. Div. 690; *Mairs* v. *Manhattan R. E. Ass'n.,* 89 N. Y. 498; *McKee* v. *D. & H. C. Co.,* 125 N. Y. 353; *Noonan* v. *City of Albany,* 79 N. Y. 470; *Huffmire* v. *City of Brooklyn,* 162 N. Y. 584; *St. Peter* v. *Denison,* 58 N. Y. 416; *Hay* v. *Cohoes Co.,* 2 N. Y. 159; *Tremain* v. *Cohoes Co.,* 2 N. Y. 163.) II. The legitimate and proper use of the adjoining quarry by its owner or her representative cannot be availed of by the State as a defense to claimant's cause of action for damages caused by leakage and seepage of water from the Barge Canal due to the negligent construction and maintenance of the canal. III. The State having acquired no flood or other rights over claimant's quarry cannot set up as a defense the proper use by the claimant of his quarry. (*LeRoy Fibre Co.* v. *Chicago M. & St. P. Ry. Co.,* 232 U. S. 340; *Kalbfleisch* v. *Long Island R. R. Co.,* 102 N. Y. 520.) IV. The State is responsible for the leakage and seepage coming from the Barge Canal through the claimant's quarry, and it neglected to obtain any right to " a natural barrier " or to provide for any such barrier although it could easily have done so. V. Knowledge on the part of the claimant before he purchased the O'Reilly-Sturaker property that the State had the right to permit leakage and seepage from the Barge Canal to flow upon the adjoining Otto Squire quarry and that the canal leaked in this locality does not affect or limit his rights to recovery herein. (*Campbell* v. *Seaman,* 63 N. Y. 568; *Bly* v. *Edison Elec. Ill. Co.,* 172 N. Y. 1; *Booth* v. *R. W. & O. T. R. R. Co.,* 140 N. Y. 267.)

THACHER, J. This action was instituted in the Court of Claims to recover from the State, pursuant to section 120 of the Canal Law (L. 1939, ch. 542), damages to claimant's stone quarry situated in the town of Murray, county of Orleans, caused by leakage from the Barge Canal from April 15, 1940, to November 15, 1940, by reason of negligence in the construction and maintenance of the banks and bottom thereof. The Appellate Division

has affirmed a judgment of the Court of Claims awarding to the claimant $6,110.94 for damages representing the cost of pumping operations necessary to eliminate the water from claimant's quarry and also representing decreased production and increased cost of operation caused by the presence of the water.

Claimant's quarry, known as the Hill quarry, was adjoined on the west by a quarry known as the Otto Squires quarry. The leakage from the canal which was complained of was onto the Otto Squires quarry which was owned by claimant's wife, subject, however, to an easement, created by appropriation, in favor of the State to overflow and flood the lands of this quarry, the wife's title having been taken subject to this easement with the claimant's knowledge. Claimant had also been in possession of this quarry under a lease for about a year before his wife's purchase in 1938.

When claimant began to work the Otto Squires quarry in 1937 his removal of the stone extended the face of that quarry toward the east and continued in this direction after his wife acquired title thereto until he had brought it close to the common boundary separating it from the Hill quarry, when in 1939 he purchased the Hill quarry and continued his operations from the Otto Squires quarry into the Hill quarry. The rock formation composing the boundary line between the Otto Squires quarry and the Hill quarry was removed in these operations and claimant continued to extend the face of the quarry toward the east. The unavoidable result of these operations was that the water accumulated upon the Otto Squires quarry also gathered upon the Hill quarry, and the only damages claimed in this case are damages from water on the Hill quarry during a period of seven months resulting from these operations of the claimant himself.

We need not pause to speculate whether this case is governed by the doctrine of contributory negligence or ruled by the maxim, *volenti non fit injuria*. Principles may vary in different situations but, where damage results to the claimant from his own voluntary and deliberate act in the face of known dangers having obvious and inevitable consequences, it matters not which principle is applied (*McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340, 349; *Zurich G. A. & L. Ins. Co.* v. *Childs Co.,* 253 N. Y. 324, 327). As was said in *Lanigan* v. *New York Gas-Light Co.* (71 N. Y. 29), the maxim *volenti non fit injuria* applies with

all its force to one who heedlessly and voluntarily exposes his property to apparent danger or peril. In that case, although the gas company had been negligent in installing its apparatus in the plaintiff's cellar and the apparatus was thus caused to leak, the plaintiff, having sent his servants into the cellar with a light which caused the gas to ignite and explode, was held to have no right to recover because the explosion was caused by his voluntary act and the danger was so obvious that the maxim applied with all its force. Here the consequences of the claimant's act were even more obvious for he voluntarily and deliberately destroyed the barrier of rock between the two quarries, letting the water in one flow into the other. With knowledge of the unavoidable danger, he tore down the rock and voluntarily accepted the consequences, and may not recover damages which he deliberately caused to his own property.

The judgments should be reversed and the claim dismissed, with costs in all courts.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ., concur.

Judgments reversed, etc.