## EVAN THOMAS EVANS *vs.* THOMAS DAVIDSON.

*Liability of a Master for the Wrongful Act of his Servant done in the course of his Employment—Defective Prayer.*

While the defendant's servant, employed for a certain period to do general farm work on defendant's farm, was at work with other servants in a corn-field cultivating the corn, the plaintiff's cow with other cattle broke into the corn-field from an adjoining farm. In driving out the cattle the defendant's servant negligently struck the cow with a stone and killed her before she had left the field. At the time the defendant was away from home. In an action against the de-

fendant to recover damages for the killing of the plaintiff's cow by the defendant's servant, it was HELD:

That the defendant was liable.

The form of a prayer for an instruction, as to the conclusion of fact at which the jury were at liberty to arrive upon finding certain other facts, is objectionable.

APPEAL from the Circuit Court for Cecil County.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiff offered the following prayers:

1. If the jury believe that the defendant's servant, in the course of his master's service, negligently killed the plaintiff's cow, the plaintiff is entitled to recover the value of said cow.

2. That if the jury find that the servant of the defendant killed the plaintiff's cow, by negligently knocking it in the head with a stone, while driving said cow out of defendant's field, and shall also find that said cow was at the time eating up the corn of the defendant, and had escaped into said field through a defect in defendant's fences, which he was bound to repair, and that at the time the said servant was in the defendant's employ, hired for a period of nine months to do general farm work, and had on the day of the injury complained of, been sent into said corn-field to cultivate said corn, and that the defendant was absent at said time, that then the plaintiff is entitled to recover; provided the jury shall believe that the servant was acting in the course of his employment, at the time of the killing, and that it was part of said servant's duty to protect his said master's corn by driving cattle from said field.

3. That it is not necessary to establish the master's liability for the acts of his servant, that he should direct the particular act, but if the jury believe that he was placed

by his master, in his stead, to do the class of acts necessary to be done to protect his master's property, it will be sufficient authority from the master to authorize the servant to do an act within such class ; and if the jury believe that the defendant's servant was sent in this case to cultivate his master's corn, in his master's absence, and that the plaintiff's cow, together with about thirty other cattle, broke into said corn-field, and were eating up said corn of the defendant, and shall find that the said servant of the defendant was employed at the time by the nine months, to do general farm work for the defendant, that then there is evidence in the case from which the jury may find that in driving said cow of the plaintiff from defendant's corn-field, and protecting his corn, the servant was acting in the service of his master, with his master's authority.

The defendant prayed the Court to instruct the jury :

That there is no evidence in this cause legally sufficient to entitle the plaintiff to recover.

The Court (ROBINSON and STUMP, J.) granted the defendant's prayer, but rejected the plaintiff's prayers; the plaintiff excepted, and the verdict and judgment being for the defendant, the plaintiff appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and IRVING, J.

*Albert Constable* and *Henry W. Archer*, for the appellant.

*George A. Blake* and *W. E. Evans*, for the appellee.

ALVEY, J., delivered the opinion of the Court.

The only substantial question in this case is, whether the defendant, the present appellee, is liable for the wrongful act of his servant in killing the plaintiff's cow, while driving her out of the defendant's corn-field.

It appears in proof that the defendant was a farmer, and that his farm adjoined that of one Boulden; that he had employed on his farm negro Lewis, and two other negro hands, and that they were employed for a period of nine months, *to do general farm work on the farm;* that on the day the plaintiff's cow was killed, the defendant was away from home, and that the three negro servants or hirelings were at work in the corn-field cultivating the corn, when a herd of cattle, consisting of about thirty head, among which was the plaintiff's cow, broke into the defendant's corn-field, where his hirelings were at work, from the adjoining farm belonging to Boulden; and that, upon discovering the cattle among the corn, the servants "immediately started to drive them out, and in doing so the said negro Lewis negligently struck the plaintiff's cow with a stone, and killed her before she had left the field." There was also proof on the part of the defendant that he had given no orders in regard to driving cattle out of the field, and that he did not know that the cattle were in the corn until after the cow had been killed.

The Court below, at the instance of the defendant, instructed the jury that there was no evidence in the cause legally sufficient to entitle the plaintiff to recover. To this ruling, and the rejection of the prayers offered by the plaintiff, the latter excepted.

There is no question as to whether the relation of master and servant existed between the defendant and the party doing the wrongful act complained of; that is conceded. But the question is, whether the act of driving the cow out of the corn-field was within the scope of the servant's employment, under the circumstances of the case.

If that act was, either expressly or by fair implication, embraced within the employment to do general farm work on the defendant's farm, then, it is clear, the latter is liable for any wrong or negligence committed by the

Evans *vs.* Davidson.

servant in doing the act authorized to be done. In one sense, where there is no express command by the master, all wrongful acts done by the servant may be said to be beyond the scope of the authority given; but the liability of the master is not determined upon any such restricted interpretation of the authority and duty of the servant. If the servant be acting at the time in the course of his master's service and for his master's benefit, within the scope of his employment, then his act, though wrongful or negligent, is to be treated as that of the master, although no express command or privity of the master be shown. This general principle is sanctioned by all the authorities. *Balto. & Ohio R. Co. vs. Blocher*, 27 *Md.*, 277; *B. & Y. Turnpike Co. vs. Boone*, 45 *Md.*, 344; *Turberville vs. Stampe*, 1 *Ld. Raym.*, 265 ; *Huzzey vs. Field*, 2 *C. M. & R.*, 439 ; *Seymour vs. Greenwood*, 7 *H. & N.*, 354, *in Ex. Ch. ; Limpus vs. London Gen. Omnibus Co.*, 1 *H. & Colt.*, 526, *in Ex. Ch.; Barwick vs. English Joint Stock Bank, L. Rep.*, 2 *Exch.*, 262, *in Ex. Ch.; Wood, Law of M. & S., sec.* 307, and the authorities there collected. Therefore the fact that the master gave no express direction in regard to driving the cattle out of the corn-field and did not know of their being in it until after the doing the injury complained of, will not avail to exonerate the master, if the servant was acting in the course of his employment.

Was, then, the servant acting in the course of his employment? What is embraced, as commonly understood, in general farm work? In the very nature of the employment there must be some implied authority and duties belonging to it; and this as well for the protection of the master as third parties. If, for instance, a servant thus employed should see a gate open or a panel of fence down, through which a herd of cattle might or would likely enter and destroy his master's grain, we suppose all would say, that it would be the positive duty of the servant to

close the gate or put up the fence, to prevent the destruction of the grain; and if he should pass by and wilfully neglect such duty, it would constitute cause and a sufficient justification for the discharge of the servant. If that be so, how much more imperative the duty, where, as in this case, in the absence of the master, the servant being in the field at work, and seeing a herd of cattle break into the field, and in the act of destroying the corn, to drive out the cattle and thus to save the corn from destruction? To do such act, for the preservation of the growing crop, must be regarded as ordinary farm work, and such as every farmer, employing a servant to do general farm work, would reasonably contemplate and have a right to expect as matter of duty from the servant. The servant, therefore, was acting in the course of his employment in driving out the cattle, and if he did, while driving them out, commit the wrong complained of, the master is liable therefor.

It follows that we cannot concur with the Court below in the instruction given to the jury; and, for the reasons already stated, we think the first and second prayers offered by the plaintiff should have been granted. The plaintiff's third prayer seems to have been intended, not so much as an instruction upon the law of the case, as an instruction as to the conclusion of fact at which the jury were at liberty to arrive upon finding certain other facts. This form of prayer is not free from objection, and there was no error in rejecting it.

*Judgment reversed, and*
*new trial awarded.*

(Decided 11th March, 1880.)