John Dohn, Appellant, *v.* John Dawson and Another, Respondents.

*Injury, caused by material falling from a wall of a building — presumption of negligence.*

Where it appears that a wall of masonry for a building was being constructed contiguous to the sidewalk of a public street, proof that material fell therefrom or from a scaffold and injured a person lawfully on the sidewalk, coupled with proof that the sidewalk was not covered with platforms, barricaded or in anywise guarded, is sufficient to raise the presumption that the builder was negligent.

Appeal by the plaintiff, John Dohn, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 21st day of June, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the New York Circuit.

This action was brought to recover damages for a personal injury, caused, it is alleged, by the negligence of the defendants and of their employees. In May, 1892, the new Criminal Court building was being erected for the city of New York on the block bounded

north by White street, east by Centre street, south by Franklin street and west by Elm street. The defendants, as partners under the firm name of Dawson & Archer, were, in that month, engaged in constructing the masonry of said building, under a contract with the city. The plaintiff was an employee of Healy & Earl, a firm which furnished the terra cotta for the building. Whether they furnished it under a contract with the city or under a contract with Dawson & Archer, does not appear. On May 3, 1892, the exterior walls of the building had been constructed to a point about ten feet above the second story, in which walls were open spaces for windows. Inside of the walls were scaffolds erected by the defendants for their workmen. On the date mentioned two of the defendants' employees, John Connelly and Peter Judge, were engaged in removing bricks from a lower to an upper platform of the scaffold on the inside of the Franklin street wall. The upper platform was about four feet above the lower one, and crossed an opening for a window on Franklin street, which opening was ten or fifteen feet east of the corner formed by the intersection of Elm and Franklin streets. At this time there was no scaffold outside of the exterior wall on Franklin street. On May third the plaintiff was unloading terra cotta from a truck belonging to Healy & Earl, which stood in Franklin street near the corner of Elm and nearly under the window opening mentioned, and underneath the place where Connelly and Judge were moving bricks. The truck was backed up to the curb at Franklin street, and as the last piece of terra cotta was taken from it the plaintiff stepped from the truck to the sidewalk, and was immediately struck on his head by a brick, and injured. The foregoing facts were not disputed on the trial, and at the close of the plaintiff's case he was nonsuited.

*Edward J. McGuire,* for the appellant.

*Charles M. Earle,* for the respondents.

FOLLETT, J. :

The evidence was quite sufficient to have authorized the jury to find that the plaintiff was injured by a brick which fell from defendants' scaffold. Connelly, one of defendants' servants, who was engaged at the time in removing bricks from the lower to the

upper platform of the scaffold, testified : " Q. Do you remember how the accident happened to Mr. Dohn ? A. I remember that there was a brick rolled off somewhere or another, but I can't say whether it came off the scaffold, or where it came off, to be certain, but the brick rolled off, and we looked through the window, and I saw a man had his hand on his head ; at the time I did not know who it was. * * * Q. How did this brick escape ? A. I can't tell you. Q. Did it escape from your hand ? A. No, it did not escape from hand, as I remember of. I was up on the scaffold, and it was all right, that I could see, and it may have dropped from the pile of bricks up above ; there was naturally a few bricks one side, and you couldn't very well see where you are putting them ; and it may have rolled off that heap, and out of my hands ; I can't tell. Q. Did you hear a brick clattering down the side of the building ? A. Yes ; we heard it rattling somewhere ; I couldn't see. Q. Was there any one else on the platform, and who was he ? A. Peter Judge. Q. Was there any one else but you two there ? A. No, not as I can recollect. Q. Was there nobody else handling brick except yourself ? A. No ; but myself and this other man. Q. When you heard the brick clattering down the side of the building, did you hear it strike the window sill ? A. I heard it strike against something, but I cannot tell what it was. Q. And did you then run to see whether you had caused any damage ? A. I had just about three feet to go to look outside, and I could not see whether the brick dropped or not, but I saw a man had his hand on his head and I thought from that there was somebody hurt. Q. [Indicating.] Do you identify this as the man who was struck ? A. Yes. Q. The plaintiff, Mr. Dohn ? A. Yes.

Garrity testified that he saw the brick fall from above and strike the plaintiff — he said he did not see the brick at the moment it hit the plaintiff, but saw it before it struck the sidewalk and picked it up. There is other evidence corroborating Connelly and Garrity which renders it highly probable, if not certain, that the plaintiff was injured by a brick which fell from defendants' scaffold and through the opening for a window. The next question presented is, was there sufficient evidence of want of care by defendants to sustain a finding that the brick fell by reason of their negligence ? The principal grounds for imputing negligence to them are : (1)

Their failure to maintain scaffolding or platforms outside of the exterior wall of the building on Franklin street, or other guards, so as to protect persons lawfully on the sidewalk from being injured by falling material; (2) in removing bricks in the manner described from the lower to the upper platform without closing the opening for a window, so as to prevent the bricks from falling through the opening and into the street.

In case a wall of masonry for a building is being constructed contiguous to the sidewalk of a public street in a large city, and it is proved that material falls therefrom, or from a scaffold, and injures one lawfully on the sidewalk, coupled with proof that the sidewalk was not covered with platforms, barricaded, or in anywise guarded, it is sufficient to raise a presumption that the builder was negligent. (*Jager* v. *Adams*, 123 Mass. 26; *Clare* v. *National City Bank*, 1 Sweeny, 539; *Eccles* v. *Darragh*, 16 J. & S. 528; 2 Sherm. & R. Neg. [4th ed.] § 361; 1 Thomp. Neg. 347, § 10; Cooley Torts, 607; Bish. Non. Con. L. § 440; Elliott R. & S. 546.) In *Pearson* v. *Cox* (2 C. P. Div. 369) and *Vanderpool* v. *Husson* (28 Barb. 196) the defendants were held not liable for the falling of material, but it was upon the ground that the workmen who were negligent were the employees of a sub-contractor and not of the defendants. It was assumed in both cases that if the master of the workmen had been sued, he would have been liable. The rule above declared is necessary for the protection of those having occasion to use the sidewalks of public streets. The evidence as to how the accident occurred is most usually wholly within the knowledge of the builder, or of his employees, and the person injured has no means of proving precisely how or why the accident occurred. The first warning of danger that he has is his injury, and then he has no opportunity to investigate the cause. It is not asserted that the plaintiff, by his own negligence, contributed to the injury.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.