The judgment is reversed, and the cause remanded.

---

**POPE v. RAY. (No. 6786.)**

(Court of Civil Appeals of Texas. San Antonio. Oct. 18, 1922. Rehearing Denied Nov. 15, 1922.)

1. Pleading ☞111—On plea of privilege, proof that stock were found in and driven from common inclosure sufficient to support allegation they were driven from plaintiff's leased portion of it.

Where plaintiff alleged that while his stock were being pastured on the north half of section 13, on which he had a valid lease, and which was in a common inclosure with section 20 and the south half of section 13, and neither tract was segregated by fence from either of the others, defendant unlawfully drove them off the land, over the line into another county, and seized them under an unlawful distress warrant, in controverting defendant's plea of privilege if the proof showed the stock were found within and driven from the common inclosure, it was sufficient to support the allegation that they were driven from the north half of section 13.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused January 3, 1923.

**2. Pleading ⊂⇒111—Questions of fact to be heard at trial not determined at hearing of plea of privilege.**

Whether defendant's acts in driving stock from plaintiff's county to another was done maliciously was a question of fact to be determined on trial of the main case and not at hearing of plea of privilege.

**3. Venue ⊂⇒8—Suit properly brought in county where trespass committed.**

Defendant's acts in driving plaintiff's stock out of a common inclosure, moving them into another county, confining them in pens, and procuring a distress warrant, were continuous, and, if maliciously done to injure plaintiff, constituted a trespass, and, where the acts had their inception in plaintiff's county, plaintiff's suit was properly brought there; Rev. St. art. 1830, subd. 9, providing that, where the foundation of a suit is trespass for which civil damages lie, the suit may be brought in county where the trespass was committed.

Appeal from District Court, Jim Wells County; Hood Boone, Judge.

Action by J. H. Ray against W. E. Pope. From an order overruling his plea of privilege, defendant appeals. Affirmed.

See, also, 238 S. W. 1010.

Boone, Pope & Savage, of Corpus Christi, for appellant.

Perkins & Floyd, of Alice, for appellee.

SMITH, J. This appeal, from Jim Wells county, is from an order overruling appellant's plea of privilege to be sued in Nueces county, where appellant resides. The suit was brought by appellee, who alleged that while his live stock were being lawfully pastured on the north half of section 13, out of the Richard King and Agua Dulce tracts of land in Jim Wells county, upon which he had a valid and subsisting lease for that purpose, appellant, without appellee's knowledge or consent, forcibly, unlawfully, willfully, maliciously, and wantonly took possession of the live stock, drove them off of the land, out of the inclosure thereof, and several miles over the line into Nueces county, where he procured their seizure under an unlawful distress warrant, to appellee's injury and damage. Appellant filed his plea of privilege, which was controverted by appellee, who, again setting up the facts relied upon, alleged that the venue laid in Jim Wells county by reason of the exception in subdivision 9, art. 1830, R. S., providing that "where the foundation of the suit is some crime, or offense, or trespass, for which a civil action for damages may lie," the suit "may be brought in the county where such crime, or offense, or trespass was committed, or in the county where the defendant has his domicile." Upon a hearing, the court below overruled the plea of privilege.

Section 13, from the north half of which the stock was alleged to have been driven, adjoins section 20. Both tracts were embraced in the same inclosure, and as there was no fence between them, animals pastured on either ranged at will on both. Appellant owned section 20, and the south half of section 13, in fee, and appellee claimed no rights thereon for any purpose. At the time of the alleged trespass appellant also owned the north half of section 13, in fee, but appellee claimed to hold a valid and existing lease on this tract, under the terms of which he was pasturing his stock thereon. It is conceded that a year or two prior to the trespass appellee had lawfully entered into possession of the north half of section 13, under a valid lease from the then owner, from whom appellant purchased the fee a couple of months prior to the trespass, and his right to continued possession depended upon whether this lease expired with the sale of the land to appellant, or remained in effect until the end of the term for which it was made, which embraced the time the trespass occurred. Appellee contends the lease was still in effect, while appellant contends it had terminated, and that, this being true, he had the right to forcibly take possession, and drive appellee's stock from the premises, as he did. The issue of whether or not the lease was still in force was raised by the evidence, and, if necessary to the judgment rendered, is presumed to have been resolved against appellant. It should be added, here, that the south line of the inclosure of sections 20 and 13, along which the fence ran, constituted the boundary line between Jim Wells and Nueces counties, and that when the stock were driven out of the inclosure they automatically passed from Jim Wells into Nueces county.

For the purpose of sustaining the venue, appellee alleged in his controverting affidavit that appellant found appellee's stock upon, and drove them from, the north half of section 13, on which the latter had his lease; but appellant contends that appellee not only failed to establish this fact in the proof made, but that the uncontroverted evidence conclusively showed the stock were found upon, and driven from, section 20 and the south half of section 13. Appellant, upon this premise, contends that appellee failed to legally controvert the plea, first, because there was a material variance between the allegations in the affidavit, and the proof offered thereunder; and, second, as appellant found the stock upon and drove them from the premises of which he had the exclusive right of possession, and appellee had none, his act was lawful and could not constitute a trespass, and that if his subsequent acts in driving the stock to Agua Dulce, and procuring their seizure, consti-

tuted a trespass, such trespass occurred in Nueces, and not Jim Wells, county.

[1] While in our view of the case it is not necessary to so decide, we do not think the first contention is tenable. The north half of section 13 was in a common inclosure with section 20 and the south half of section 13, and neither tract was segregated by fence from either of the others. They were separated only by imaginary lines, which the stock crossed at will, of course, and if the proof showed the stock were found within, and driven from, the common inclosure, we think it was sufficient to support the allegation that they were found upon and driven from the north half of section 13. Accordingly, we overrule appellant's first proposition, and the assignments of error on which it is based.

[2] The second contention, at least as a whole, is not sound. If, as he contends, appellant had the right to drive appellee's stock from the former's premises, he certainly had no right to drive them beyond the limits of those premises, or to move them across country to Agua Dulce, confine them in alien pens, and procure their seizure under a wrongfully issued distress warrant. Appellee alleged that this act of appellant was willfully, wantonly, and maliciously done with the intent to injure appellee, and this is a question of fact to be determined upon the trial of the main case, and not here. If these allegations are true, then a trespass, such as is contemplated in the quoted exception in the venue statute, was committed.

[3] The acts of appellant in driving appellee's stock out of the common inclosure, in moving them from such inclosure to Agua Dulce, in confining them in pens, and in procuring their seizure under a distress warrant—all these acts being continuous, as they assuredly were—constituted one transaction, and if maliciously, willfully, and unlawfully done, with the intent to injure appellee, as he alleges, then the combined acts constituted the trespass upon which the suit was founded. As the alleged trespass had its inception in Jim Wells county, and was actually set on foot in that county, we think the suit was properly brought in that county, and the fact that the acts which completed the trespass were committed in Nueces county is immaterial to the question of venue. Raleigh v. Cook, 60 Tex. 438.

We do not attempt to pass upon the merits of appellee's case. The only question involved here is one of privilege, and our only duty is to ascertain, not the merits of the controversy, but what that controversy is. And the record here presents a controversy as to whether or not a trespass, such as is defined in subdivision 9 of article 1830, R. S., was committed. If the acts complained of constituted a trespass, it was a trespass based on a continuous act, which was begun in Jim Wells county and which ended in Nueces county. And we hold that under the venue act a suit founded on such trespass may be brought in either county, or in the county of the offender's residence.

The judgment is affirmed.