W. W. Humphries v. The State.

No. 7019.   Decided February 14, 1923.

**1.—Abortion—Venue—Jurisdiction.**

Where upon trial of abortion, the evidence left no doubt but that the operation which occurred in another county from that of the prosecution was the cause of the abortion, and that everything the defendant did toward such abortion did not occur in the county of the prosecution, but in the other county, the judgment of conviction could not be sustained. Following Crossett v. State, 90 Texas Crim. Rep., 440, and other cases.

**2.—Same—Legislation Suggested—Abortion—Venue.**

The facts in the present case emphasize the necessity for legislation on the subject of venue in abortion cases, and it is again called to the attention of the Legislature. The indictment being good the case is not dismissed.

Appeal from the District Court of Hill. Tried below before the Honorable Horton B. Porter.

Appeal from a conviction of abortion; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Wear, Wood & Wear,* for appellant.—Cited Crossett v. State, 235 S. W. Rep., 579.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Upon conviction for abortion appellant's punishment was fixed at confinement in the penitentiary for five years.

The first count in the indictment alleges that appellant in *Hill County* produced an abortion upon Maurine Larrimore by inserting into her vagina and womb a metallic instrument. The second count alleges that an abortion was produced in *Hill County* by appellant, who *there* administered and procured to be administered to said female a drug and medicine calculated to produce an abortion.

The evidence shows without dispute that when Miss Larrimore discovered her pregnant condition she advised with a lady friend who had formerly known appellant when he lived in Corsicana. The two went to Corsicana and ascertained there that appellant had moved to

Fort Worth. They went to the latter place where the young lady told appellant she wanted to get "rid of the child." Appellant operated on Miss Larrimore, inserting a metal instrument into her womb. He then placed a catheter therein, and packed the parts with gauze. He gave her a bottle of fluid extract of ergot, advising her to take one dose that night after she returned to Hillsboro and one the next morning, and directed her to remove the catheter and gauze after a certain time. Miss Larrimore is uncertain whether the advice was to take one-half teaspoon or a teaspoon full, but she followed the directions given by appellant both as to taking the medicine and removing the instrument and gauze. Some thirty-six hours after the operation in Fort Worth, and after Miss Larrimore had returned to Hillsboro a miscarriage occurred and a foetus some three or four months old was expelled.

Appellant raised in various ways the proposition that under the undisputed evidence the offense was not committed in Hill County, but was committed in Tarrant County, and therefore the District Court of Hill County was without jurisdiction to try the case. The doctor called to testify declined to say that the ergot taken by Miss Larrimore in the manner decribed by her and advised by appellant would of itself have produced an abortion, but would go no further than to say that it would have a tendency to do so. He further testified that the effects of the dose taken at night would have entirely disappeared before she took the second dose on the next morning. The evidence leaves no doubt but that the operation which occurred in Fort Worth was the cause of the abortion, and that perhaps the only effect of the ergot was to assist in the expulsion of the foetus from the womb. Everything appellant did, the performance of the operation, the delivery of the medicine, and the advice given, occurred, not in Hill County, but in Tarrant County. Appellant did not employ the mail or some other agency to transmit the medicine from Tarrant County to be delivered in Hill County, as were the facts in State v. Morrow, 40 S. C. 221, but he delivered the medicine in person in Tarrant County. The cases of Moore v. State, 37 Texas Crim. Rep., 552 and Crossett v. State, 90 Texas Crim. Rep., 440, 235 S. W. Rep., 599 are exactly in point and are decisive of the question.

We have no such venue statute in abortion as is provided in cases of theft which permits the prosecution to be lodged and carried on either in the county where the theft is committed or in any county through or into which the stolen property may be carried, but the venue in abortion is confined to the county where the offense is committed. This court in Crossett's case (supra) suggested the propriety of legislation extending the venue in abortion cases. The facts in the present case emphasize the necessity for the legislation suggested. The indictment on its face is good and we therefore have no authority to order the prosecution dismissed, as is requested by appellant.

We have no option under the facts but to reverse the judgment and remand the cause.

*Reversed and remanded.*