## BERNHEIMER-LEADER STORES, INC., ET AL. *v.* MARGARET A. BURLINGAME.

*Negligence—Res Ipsa Loquitur—Master and Servant.*

If a contracting company is the employee of a company for which it is erecting a building, both are liable either jointly or separately for an injury caused by the negligence of the employee in the course of such employment.                              p. 288

Where the employees of a contractor are the only people doing work on or about a building with material of a particular character, and a piece of such material falls on a person passing the building, the maxim *res ipsa loquitur* applies.          p. 288

*Decided February 10th, 1927.*

Appeal from the Superior Court of Baltimore City (ULMAN, J.).

Action by Margaret A. Burlingame against the Bernheimer-Leader Stores, Incorporated, and the M. A. Long Company. From a judgment for plaintiff, defendants appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, and PARKE, JJ.

*William L. Marbury* and *Joseph Townsend England,* with whom was *Fendall Marbury* on the brief, for the appellants.

*Samuel K. Dennis* and *Gerald W. Hill,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from a judgment in favor of plaintiff in a suit for personal injury.

Md.]

Mrs. Margaret A. Burlingame, on May 11th, 1925, was crossing Lexington Street from the north to the south side, when she was struck on the head and injured by some hard substance coming from the direction of the upper stories of the Bernheimer-Leader building on the southwest corner of Howard and Lexington Streets.

Miss Mary L. Barlage, the only witness of the accident, testified that she was standing at the northwest corner of Howard and Lexington Streets; "I saw something coming down in the air like a stone, or a substance of some kind, and as I stopped to look I saw a lady in the street; I watched it as it fell; it came from the direction of the Bernheimer-Leader building; it fell on the street and bounced up and struck the woman on the head and immediately she fell; I ran to her and tried to assist her until an officer came and took her"; that at that time Mrs. Burlingame was facing said building walking south; she was in the street about a yard and a half from the north curb; that when witness saw blood coming she took plaintiff's hat off and the stone or whatever the substance was fell from her hat; that the substance was kind of gray and very hard, either stucco or a hard substance about the size of an orange; that at that time there were quite a number working on said building; there were some men on the window sills working in different parts of the building on the Lexington and Howard Street sides both, some working in close proximity to the corner; that when she saw the substance it was almost at the top floor; "it looked like it was coming almost from the top floor."

Abraham Bernheimer, called as a witness for plaintiff, testified that he was the secretary of the Bernheimer-Leader Stores; the Bernheimer-Leader Stores own the premises at the southwest corner of Howard and Lexington Streets; that M. A. Long Company, one of the defendants, constructed the building. "Q. When was the building finished and accepted by you? A. We opened the building formally May 22nd, 1925." Witness further testified that it is an eight story building, the first two stories of which are built on the outside of a combination of limestone and brick, above that is

brick, and the eighth story is trimmed in some sort of stone; that there are windows opening out on Lexington and Howard Streets; that some of the workmen of the M. A. Long Company were working on the building on May 11th, 1925. "Q. Did your firm or corporation have any one working in any part of the building cleaning up about that time, cleaning the building up? A. No, we were occupying part of the building at that time."

The witness explained that the formal opening referred to was of the basement and third floor, which they occupied for the first time at the formal opening; that they started occupying some of the upper stories several months before that date, taking in a floor at a time as the connection was made. "I should say we moved in almost as fast as the carpenters and builders moved out. I do not recall what floor we occupied first. I cannot tell you when it was turned over to us by M. A. Long Company; there were things to be done around there for several months by M. A. Long Company after May 22nd, 1925, mostly finishing jobs, small jobs, small jobs, inside jobs here and there; that the window sills are made of some sort of stone, gray stone; that the roof is composed of slag; that witness could not say whether the men of the M. A. Long Company put the roof on or not, but that was included in their job. "Q. Were any workmen employed in or about the building on the 11th of May other than your employees and the M. A. Long Company employees? A. None that I know of."

We have set out above all the testimony that has any bearing on the issues involved in this appeal. The single exception is to the ruling of the trial court on the prayers.

Plaintiff's first prayer was as follows: "The plaintiff prays the court to instruct the jury that if they find from the evidence that the building known as Bernheimer-Leader Stores, Inc., at the southwest corner of Howard and Lexington Streets, Baltimore, Maryland, at the time of the injury complained of in the declaration, was in the course of construction by the defendants and that without negligence on the

part of the plaintiff a hard substance fell from the said building being constructed as aforesaid, and struck and injured the plaintiff, if the jury so find, then the falling of said hard substance is evidence of the negligence of the defendants, unless the fall of the same is explained by the defendants to the satisfaction of the jury and their verdict must be for the plaintiff."

The plaintiff's first prayer is somewhat confused in its statement of the principle involved, because, perhaps, of a transposal of the last two clauses, but it is not objected that any misconception of the true principle resulted from it at the trial, the only complaints being that there was no legally sufficient evidence to support the hypotheses of negligence on the part of the one defendant and the other.

Plaintiff's second prayer was the ordinary damage prayer and seems to be unobjectionable, if the case was to be submitted to the jury.

There was special exception to plaintiff's first prayer offered jointly by the defendants, and separately on behalf of the M. A. Long Company, based on the objection that there was no evidence that a hard substance fell from said building and struck and injured plaintiff. And Bernheimer-Leader Stores, Inc., excepted specially on the ground that there was no evidence legally sufficient to show that said building at the time of the accident was in course of construction by that defendant.

The defendant Bernheimer-Leader Stores, Inc., offered four prayers and the M. A. Long Company seven. The court granted plaintiff's prayers, overruling the special exceptions, and refused all of defendant's prayers.

The first Bernheimer-Leader prayer and the first and second M. A. Long Company prayers are demurrers to the evidence as to the respective defendants, and were in our opinion properly refused. They were offered on the theory (a) that there was no evidence tending to prove that the injury was due to the negligence of either of the defendants, or (b) that, assuming there was evidence tending to

prove that the injury was caused by the negligence of one of the defendants, there was none to show which was responsible, and the M. A. Long Company was an independent contractor.

There was evidence, we think, from which the jury could have found either that the M. A. Long Company was an independent contractor, or that it was an employee of the Bernheimer-Leader Stores, Inc. If the latter, then both were liable either jointly or separately for an injury caused by negligence of the employee in the course of its employment. *Blaen Avon Coal Co. v. McCulloh,* 59 Md. 403; *Evans v. Davidson,* 53 Md. 245.

As to the negligence of the M. A. Long Company, in our opinion the maxim *res ipsa loquitur* applies to the facts of this case, on the authority of *DeCola v. Cowan,* 102 Md. 551. Its employees were the only people doing work on or about the building with material of the character of the substance which struck plaintiff. *Clough & Malloy, Inc., v. Shilling,* 149 Md. 189. If it was an independent contractor, then it alone was liable if it was negligent, and the injury complained of was due to its negligence. If it was merely an employee and the injury was caused by its negligence, then both defendants were liable.

We find no error in the refusal of the other prayers offered by the defendants. They either ignore the principle of *res ipsa loquitur,* or are misleading and confusing, when considered in connection with the evidence in this case. The special exceptions to plaintiff's first prayer were properly overruled for reasons stated in discussing the demurrer prayers.

*Judgment affirmed, with costs to the appellee.*

NOTE.—What is said in reference to the principle involved in plaintiff's first prayer is the expression of a majority of the Court. The writer of the opinion hesitates to accept what is there said, because he thinks that the prayer as worded might be construed to permit a recovery without re-

quiring the jury to find negligence. In this respect the prayer is not in accord with appellee's first prayer in *Winkleman & Brown Drug Co. v. Colladay,* 88 Md. 78, upon which appellee in the present case relies; or with expressions of this Court in other cases where the principle of *res ipsa loquitur* is applied, and where the situation is at all analogous to that in the present case. These cases hold merely that, where the facts proved warrant the application of that principle, there is *some* evidence of negligence to go to the jury.