### WIESE v. BECKER.    (No. 8986.)

Court of Civil Appeals of Texas.   Galveston.
May 9, 1927.

1. Pleading ☞214(1)—Material allegations and reasonable deductions from plaintiff's controverting affidavit must be taken as true, when stricken out on general demurrer.

Where plaintiff's controverting affidavit to defendant's plea of privilege was stricken out on general demurrer, every material allegation therein and every reasonable deduction to be drawn therefrom must be taken as true.

2. Venue ☞8—To constitute "continuing trespass in different counties" authorizing suit in county of trespass, there must be affirmative act in each county (Rev. St. 1911, art. 1830, subd. 9).

In order to constitute a continuing trespass begun in one county and concluded in another, within meaning of Rev. St. 1911, art. 1830, subd. 9, authorizing suit based on trespass to be brought in county where trespass was committed, there must be some affirmative act committed constituting a trespass committed in each county.

3. Venue ☞8—Negligence or unskillful setting of broken arm was not trespass in another county, where injury therefrom resulted authorizing suit therein (Rev. St. 1911, art. 1830, subd. 9).

Negligence or unskillful setting and bandaging of plaintiff's broken arm in one county from which injury subsequently resulted in another county because of bandage cutting off circulation and cutting into tissues, nerves, and ligaments of arm, *held* not to constitute a trespass in the latter county, within meaning of Rev. St. 1911, art. 1830, subd. 9, so as to authorize suit in such county.

Appeal from District Court, Austin County; M. C. Jeffrey, Judge.

Suit by Lillie Wiese, by her father, Chris Wiese, as next friend, against A. E. Becker. From an order sustaining defendant's plea of privilege, plaintiff appeals. Affirmed.

C. G. Krueger, of Bellville, for appellant.
B. F. Teague, of Brenham, for appellee.

LANE, J. Lillie Wiese, a minor, by her father, Chris Wiese, as next friend, instituted this suit in the district court of Austin county against A. E. Becker, a physician and surgeon, to recover damages suffered by her, alleged to have been suffered by reason of the careless and negligent setting, bandaging, and treating of her arm, which had been broken.

The allegations of the plaintiff's petition material to the issues presented by the appeal are substantially as follows: That on or about the 28th day of December, 1922, she suffered a fracture of one of her arms and that by reason thereof she required the care, services, and attention of a competent physician and surgeon; that upon such occasion her father took her to Brenham, in Washington county, and placed her in a hospital and called upon the defendant, A. E. Becker, a resident of Washington county who held himself out as a competent physician and surgeon, to treat her broken arm; that the defendant undertook such treatment; that defendant set the arm and bandaged it in said hospital, and in so doing he negligently, unskillfully, and carelessly set the arm and unskillfully and carelessly bandaged the same, and directed the father of the plaintiff to return her to her home in Austin county, and to bring her back to the hospital; that the father did as so directed; that on the next day after such treatment she suffered intense pain; that in a few days the father took plaintiff back to defendant to have her arm examined; that, examining the arm, defendant advised them that the broken arm was getting along all right, and that in a few days thereafter the bandages could be removed; that, after suffering intense pain a few more days, she was again taken back to defendant, and defendant removed the bandage, and it was discovered that, by reason of unskillful setting and bandaging of the arm, the bones thereof were incorrectly set and some of the ligaments thereof had been severed by the bandage; and as a result of such unskillful treatment her hand and arm was turned or twisted and she has permanently lost the use of her hand, etc.

It is further alleged that the setting of the broken arm and the bandaging of the same were done in Washington county, but that the effect of same continued, and such unskillful acts were permitted by defendant to remain, while plaintiff resided and was residing in Austin county; that such acts

amounted to a continuing trespass, a part of which took place in Austin county.

The plaintiff asked for a recovery of $15,000. The defendant in due time, manner, and form filed his plea of privilege to be sued in Washington county, the county of his residence. In due time, the plaintiff filed her controverting plea to defendant's plea of privilege, and for reasons why venue should be maintained in Austin county she practically repeated the allegations of her petition, insisting that under the facts stated it is made to appear that the trespass complained of took place partly in Austin county. The defendant's demurrer to the plaintiff's controverting affidavit was sustained, and upon the plea of privilege the court ordered the clerk of the court to forward all papers in the cause to the clerk of the district court of Washington county, together with a certified copy of said order. From the order so made the plaintiff has appealed.

[1] Appellant's controverting affidavit having been stricken out on general demurrer, every material allegation therein and every reasonable deduction therein to be drawn therefrom must be taken as true. Accepting such allegations and deductions as true, appellant insists that, under the provisions of section 9 of article 1830 of our Civil Statutes (Rev. St. 1911), the venue of this suit was properly in Austin county; that venue might be sustained in either Austin county or Washington county, and therefore the court erred in sustaining the defendant's plea of privilege over plaintiff's controverting affidavit, in that, "while the means by which the injury was inflicted, or which produced the injury, was applied and set in motion in Washington county, where appellee resided, it is shown by the allegations of the petition and the controverting affidavit that the bandage applied was twisted in the form of a rope and tightly applied, so that while plaintiff was in Austin county it cut off circulation, cut into the tissues, nerves, and ligaments of the arm; that such injury did not occur in Washington county, but in Austin county; that such injury was not immediately inflicted when the arm was set and the bandages applied in Washington county, but was gradually produced by the unskillfully applied bandage."

The contention of appellant cannot be sustained. By section 9 of article 1830, supra, invoked by appellant in aid of her contention, it is provided that—

A suit based upon "crime, * * * offense, or trespass, * * * may be brought in the county where such crime, * * * offense, or trespass was committed, or in the county where the defendant has his domicile."

A suit based upon a crime, offense, or trespass cannot be maintained, as against a proper plea of privilege, in any county except one where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile.

[2, 3] In order to constitute a "continuing trespass," begun in one county and concluded in another, there must be some affirmative act constituting a trespass committed in each county. The negligent or unskillful setting and bandaging of appellant's broken arm in Washington county, from which her injury subsequently resulted in Austin county, did not constitute a "trespass" in the latter county, as that term is used in our venue statute. Moore v. State, 37 Tex. Cr. R. 552, 40 S. W. 287; Humphries v. State, 93 Tex. Cr. R. 399, 248 S. W. 374; Brooks v. Hornbeck (Tex. Civ. App.) 274 S. W. 162, and authorities there cited.

Accepting as true the allegations made in appellant's petition and in her controverting affidavit, it is shown that there was no affirmative act constituting a trespass committed by appellee in Austin county. There is no allegation to that effect. Taking the allegations as true as to everything appellee did, the performance of setting appellant's arm, bandaging the same, and the giving of advice with reference to same, took place not in Austin county, where the suit was brought, but in Washington county.

The opinions in the cases of Pope v. Ray (Tex. Civ. App.) 244 S. W. 1032, and Brooks v. Hornbeck (Tex. Civ. App.) 274 S. W. 162, cited by appellant, do not, we think, support appellant's contention, but, to the contrary, support an adverse conclusion.

For the reasons pointed out, the judgment is affirmed.

Affirmed.