JULIAN GOLDMAN STORES *v.* THEODORE BUGG.
[No. 16, October Term, 1928.]

*Decided November 15th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*Saul Praeger,* for the appellant.

*Howard Galbreth,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

In a suit against a principal for damages from malicious prosecution by his agent of a non-resident attachment, with garnishment of the debtor's wages, the trial court excluded evidence offered by the principal to show that it had denied the agent any authority to resort to litigation for it; and exceptions to that action are presented to this court on appeal. The principal maintained a retail store at Cumberland, in charge of Charles A. Brodsky as manager, and Bugg, an employee of the Baltimore and Ohio Railroad Company, had been purchasing from the store, and appeared on its records as indebted to it. Brodsky, after some correspondence with Bugg urging payment, sued out the non-resident attachment, and by the garnishment stopped payment of Bugg's wages for about three weeks, and, according to Bugg, caused him damage. The attachment was dismissed upon Bugg's showing that he was a resident.

There was testimony that Brodsky was the only person in Cumberland in charge of the store, had general charge of it, collected money, and had sued out some attachments pre-

viously, obtaining payments by means of some of them. The defendant, in reply, produced its manager at the time of trial, Brodsky being no longer in its employ, and asked him whether he, himself, had, as manager, authority to institute civil proceedings of any kind. The question was excluded and its exclusion forms the subject of the first exception. Then, after the witness had identified the signatures, the defendant offered in evidence a written or printed contract of agency with Brodsky, in which his powers and duties were defined with some minuteness, and in one section of which it was provided that "the manager shall have no authority to bring or cause to be brought any civil or criminal action or proceeding in any court, * * * without the written authority of the party of the first part in each case separately and specially given." This was excluded, and its exclusion forms the subject of the remaining exception. There are no other exceptions; and this court is not asked to consider whether an action can be brought for such a prosecution, or for such damages as are testified to. The only questions are those on the exclusion of the evidence on authority of the agent as stated, assuming the suit to be maintainable.

There might be a question of the relevancy of the later manager's authority on an issue of Brodsky's authority, but that may be passed unconsidered. This court is of opinion that the evidence referred to in both exceptions was properly excluded on one and the same ground: that the employer's liability or lack of liability to Bugg for Brodsky's act is to be ascertained from the scope of Brodsky's employment, without reference to such a limitation imposed by the employer.

The question is purely one of the scope of employment in a suit upon a tort, the same as if the complaint had been of negligent injury or assault by the agent. There is no question of reliance upon a holding out of authority, or of estoppel upon the principal. And the question of the scope of an agent's or servant's employment, within the meaning of the rule to be dealt with in such a suit by an injured third party, is not one of the limit which the principal may have

placed upon the exercise of the authority given, but the limit implied in that authority or function itself, such as it may be. If the servant has been authorized to perform a given function for his master, then any means natural and appropriate for performing that function is within the scope of the employment, under the rule considered. *Evans v. Davidson*, 53 Md. 245, 248; 1 *Bevan, Law of Negligence*, 574; *Wood, Master and Servant*, 594; *Mechem, Liability of Master for Wilful or Malicious Acts of Servant*, 9 Michigan Law Rev. 181, 184; *Poland v. Parr & Sons* (1927), 1 K. B. 236, 242 and 243. Given the nature and extent of the main employment, the scope of it with respect to means and methods is tested from outside rather than from inside the relation of principal and agent, from the instructions which may have passed between them, so long as the employment is one of a general nature the scope of which may reasonably be inferred.

It is true that the determination of the scope of employment is almost always for the jury. *Evans v. Davidson, supra; Consolidated R. Co. v. Pearce*, 89 Md. 459, 503; *Deck v. Balto. & Ohio R. Co.*, 100 Md. 168, 182; *Hopkins Chemical Co. v. Read Drug & Chem. Co.*, 124 Md. 210, 214. And it was so in this case. The jury were to determine, and presumably did determine, whether the position, which it was conceded Brodsky held, included within its scope, as a natural and appropriate means of accomplishing the purpose entrusted to him by the principal, the resort to attachment suits to compel payment of bills for purchases from the store. The offers of the excluded testimony assumed that Brodsky was the store manager, and there is no dispute of that fact, so that the jury, in this instance, had to consider only the scope of such an employment.

That, as we say, was not to be decided upon the instructions given, or restrictions imposed, by the particular principal, and evidence of these was, in the opinion of this court, properly excluded.

*Judgment affirmed, with costs to the appellee.*