## STANDARD ACC. INS. CO. v. PENNSYL-VANIA CAR CO. et al.
### (No. 785.)

Court of Civil Appeals of Texas. Waco.
March 21, 1929.

J. Cleo Thompson and W. I. Gamewell, both of Dallas, for appellant.

Leake, Henry, Wozencraft & Frank, of Dallas, for appellees.

GALLAGHER, C. J. This appeal is prosecuted from an order of the district court of Dallas county, sustaining a plea of privilege. Appellant, Standard Accident Insurance Company, for itself and for the use and benefit of the surviving wife and minor son of Zach Smith, deceased, sued appellees, Pennsylvania Car Company, Petroleum Iron Works

Company, and H. R. Peterson, to recover damages for the death of said Zach Smith.

Appellant alleged that said car company was a foreign corporation, authorized to do business in this state, and that it maintained an office and had agents in Harris county; that said iron works company was also a foreign corporation, authorized to do business in this state, and that it maintained an office and had an agent in Harris county; that said Peterson resided in Jefferson county. Appellant further alleged that said car company was on or about the 25th day of August, 1926, engaged in furnishing and erecting in place the structural steel for a building in the course of construction known as the Dallas National Bank Building, and situated in Dallas county; that said Peterson was employed and working thereon for and on behalf of said car company, and that said car company was an independent contractor; that it had employed in said work on said building a large number of other artisans, mechanics, servants, and laborers; that each and all the same were under the control and management of said company; that said company and said Peterson were then and there in exclusive possession, control, and management of all of said structure on and above the second floor thereof. Appellant in that connection also alleged in general terms that said Peterson was a subcontractor of said company.

Appellant further alleged that the Henger & Chambers Company was an independent contractor on said building, and had divers and sundry employés at work on the first floor thereof; that the deceased, Zach Smith, was one of its said employés; that, while said car company and said Peterson were carrying on and prosecuting their work on said building, they negligently, carelessly, and recklessly caused and permitted a large piece of lumber 4 inches square and 4 feet 6 inches long, weighing about 50 pounds, to fall from some of said stories of said building under their control; that the same struck said Zach Smith on his head, crushed his skull, and caused his death. Appellant further alleged that said Henger & Chambers Company carried workmen's compensation insurance, and that appellant was its insurance carrier; that appellant had paid compensation to the surviving wife and minor son of the deceased Zach Smith. Appellant, for cause of action against said iron works company, alleged that it had purchased all the assets of said car company and had assumed and promised to pay all its liabilities. Appellant prayed for recovery of damages against appellees, jointly and severally, for the death of said Smith in the sum of $20,000, to be applied to reimburse it for the compensation paid by it on account of the death of said Smith, together with the reasonable cost of such recovery, and any excess thereof to be paid to said surviving wife and minor child of the deceased.

Said corporations each filed an answer to the merits. Said Peterson filed a plea of privilege in statutory form, and asked that the cause be transferred to Harris county, in which county he alleged he resided and had his domicile. Appellant controverted said plea. In its controverting affidavit appellant alleged that said piece of lumber which struck and killed the deceased, Zach Smith, was caused and permitted to fall from premises controlled by said Peterson, by reason of active negligence of said Peterson, his agents, and employés, and that the same constituted a trespass within the meaning of subdivision 9 of article 1995 of our Revised Statutes, which article prescribes the venue of suits.

There was a hearing before the court on said plea and controverting affidavit. Said Peterson was examined as a witness. He testified that he was a subcontractor in the erection of the steel work on said building, and that the foreman and all the workmen thereon were in his employ. He further testified that he was out of the city at the time of the accident. He also testified that he and his foreman were employed by said car company, and were being paid regular salaries by it at the time; that there was a loss on said work, and that said car company bore such loss. There was no evidence introduced showing or tending to show where said piece of lumber was located at the time it fell, what caused such fall, or anything else in connection therewith.

The court, after finding that said Peterson resided in Harris county, made the following additional findings of fact: "I find that the evidence does not disclose any active negligence on the part of either of the defendants which occasioned the injury sued for by the plaintiff in this case." Upon such findings the court sustained said plea and ordered the entire cause as to all the defendants therein transferred to Harris county. Appellant excepted, and presents said proceedings to this court for review.

### Opinion.

■ Appellant presents as error requiring reversal the action of the court in sustaining the plea of privilege interposed by said Peterson. Appellant, in order to maintain venue in Dallas county of its suit against said Peterson on the ground alleged in its controverting affidavit, was required to show by evidence a prima facie trespass by him. Duffy v. Cole Petroleum Co. (Tex. Com. App.) 5 S.W.(2d) 495, 496, 498, and authorities there cited. This court, in Brooks v. Hornbeck, 274 S. W. 162 et seq., held that to constitute a trespass, within the meaning of the venue statute, there must be an affirmative act, as distinguished from a failure to

act, but that even a lawful act performed in a culpably negligent manner resulting in injury to another constituted a trespass. The authorities on the subject of trespass as ground of venue are cited, discussed, and distinguished in that case. See, also, Rigby v. Gaines (Tex. Civ. App.) 6 S.W.(2d) 422, 423; Wiese v. Becker (Tex. Civ. App.) 294 S. W. 991, 992; Latta v. Bier (Tex. Civ. App.) 281 S. W. 240, 241; Frnka v. Beaumert (Tex. Civ. App.) 290 S. W. 808, 809; Vaught v. Jones (Tex. Civ. App.) 8 S.W.(2d) 800–802.

 Appellant introduced testimony showing that the deceased, Zach Smith, was working on the ground floor of said building, and that said piece of lumber fell from above, struck him on the head, crushed his skull, and caused his death. Nothing with reference to the cause of the falling thereof was shown. Appellant, to establish its allegation of negligence, relies on the rule of evidence known as res ipsa loquitur, or "the thing speaks for itself." This rule has been applied in cases of injuries resulting from objects falling from buildings, especially buildings under construction, where the party sought to be held liable was in person or by his employés in possession and control of such building. Southwestern Telegraph & Telephone Co. v. Sheppard (Tex. Civ. App.) 189 S. W. 799, 809, par. 3; Bernheimer-Leader Stores v. Burlingame, 152 Md. 284. 136 A. 622, 623, par. 4; Jones v. Riverside Bridge Co., 70 W. Va. 374, 73 S. E. 942, 943, par. 2; Sheridan v. Foley, 58 N. J. Law, 230, 33 A. 484, 485; Wolf v. American Tract Soc., 164 N. Y. 30, 58 N. E. 31, 32, 51 L. R. A. 241; Lynch v. Ley & Co., 119 Misc. Rep. 681, 197 N. Y. S. 360, 363, par. 3; Dohn v. Dawson, 84 Hun, 110, 32 N. Y. S. 59, 60, 61; Kraljer v. Snare & Triest Co. (C. C. A.) 221 F. 255, 256. The facts in evidence are, under the application of said rule, sufficient to establish prima facie a cause of action for negligence, but they are wholly insufficient to show a trespass. The court correctly held that no active negligence had been shown, and we are bound by such finding. The court did not err in transferring appellant's suit against Peterson to Harris county.

 Appellant also presents, as error requiring reversal, the action of the court in transferring the entire cause to Harris county. The Pennsylvania Car Company and the Petroleum Iron Works Company not only failed to challenge the jurisdiction of the district court at Dallas county, but they filed answers in the cause, thereby voluntarily submitting themselves to its jurisdiction. Appellant's cause of action against all the defendants is based on an alleged tort. All parties responsible for the commission of a tort are severally as well as jointly liable for all damages resulting therefrom. Patten v. Hill County (Tex. Civ. App.) 297 S. W. 918, 922, par. 8, and authorities there cited. Such

being the case, appellant's suit was as to the respective defendants therein severable. A separate suit against each of them was maintainable. The situation is substantially the same as in the case of a suit by a creditor of a copartnership against several of the partners thereof on their individual liability. Such a case was before the Commission of Appeals in Comer v. Brown, 285 S. W. 307, 308, 309, pars. 1 to 5. The court held in that case that such a cause of action was both joint and several as to all and each of the defendants, and that an order transferring the same as to a part of the defendants in no wise affected the proceedings to recover against the remaining defendants. The action of the court in sustaining Peterson's plea of privilege did not require the transfer of appellant's suit against the other defendants therein which had submitted to its jurisdiction, and it erred in so ordering over appellant's protest. Comer v. Brown, supra; Harrison v. Amador (Tex. Civ. App.) 9 S.W.(2d) 279, 280, pars. 3 and 4; Blohm v. Krueger (Tex. Civ. App.) 297 S. W. 596, 597; India Tire & Rubber Co. v. Murphy (Tex. Civ. App.) 6 S.W.(2d) 141, 142, 143; Wool Growers' Central Storage Co. v. Edwards (Tex. Civ. App.) 10 S.W.(2d) 577, 578, 579; Rutledge v. Evans (Tex. Civ. App.) 219 S. W. 218, 220, 221, pars. 4 and 5.

The judgment of the court is reversed, and the cause is remanded, with instructions to transfer appellant's suit as to Peterson only to Harris county.